### *WALL vs. WILSON.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

Although a party be arrested and held to bail, service of the  petition and
citation cannot be dispensed with.

Knowledge of  the suit, on the  part of the defendant,  no matter how
clearly it may be brought home to him,  will not suffice, if this formality has
not been pursued.

By the 4th section of an act  passed on the 25th March,
1828, it is provided, " That in all cases where attachments,
arrests and sequestrations, are  demandable, the plaintiff, his
agent or attorney, having made  affidavit, and given bond in
conformity to  law,  and having  filed the same in court, it
shall be the duty of the clerk to issue, forthwith, the process
required, without any petition being then presented; but that
the usual petition shall be  filed on the  succeeding day, and
the sheriff  shall proceed immediately to execute the same,
according to its tenor."

Upon affidavit filed in this case,  an order issued, and on
the 27th of April, 1830, the  defendant was  arrested for a
debt due the plaintiff, and  released from custody, on the
same day, upon giving bond conditioned not to depart from
the State, without leave of the court.   He did depart with-
out such leave, so that the copy of petition and citation could

W

WALL
*vs.*
WILSON.

not be served upon him, on the subsequent day. On the 5th of May, service was made on the defendant's bail.

The plaintiff discontinued his prayer for a jury, and proceeded to take a judgment by default, which was afterwards made final, and from which the defendant appealed.

*Conrad* for appellant, assigned for error apparent on the face of the record:

1. That the defendant was never cited.

2. That the plaintiff had no right to try the case by the court, after a jury had been allowed.

*M'Caleb* for appellee, contended:

1. The arrest was due citation and notice to the defendant that he was sued. He cannot take advantage of his own wrong, violate the condition of his bond, and now appear and plead want of citation.

2. The citation served upon the bail was good. By construction of law, defendant was in the custody of his bail. Service upon his keeper was service upon him, when he chose to fly from the officer and elude justice. He had no place of residence where service could have been otherwise made.

3. There was no issue joined, plaintiff had only prayed a jury, with a view to get his cause tried before the adjournment of the court in the summer, it then being occupied with the jury docket alone. The prayer for a jury was only *a privilege*, which he could waive by striking out that part of his petition.

*Porter, J.* delivered the opinion of the court.

The plaintiff made oath to the existence of the debt for which suit is brought, and further stated, that the defendant was about to remove from the State, without leaving in it sufficient property to satisfy the petitioner's demand. On filing the petition with this affidavit annexed, an order of arrest issued, and the defendant was taken into custody.

He gave bond with security, that he would not depart from the State without leave of the court; or that he would pay the judgment which might be rendered against him.

It appears, however, that without this leave, he did depart, and as the citation which subsequently issued against him, could not be served, copies of it, and the petition, were left with the bail.

The plaintiff proceeded to take judgment by default, and had it made final. The defendant has appealed, and contends in this court that the whole proceedings were illegal, as he never was cited.

By the 4th section of an act passed on the 25th of March, 1828, it is provided, that in all cases where attachments, arrests, and sequestrations are demandable, the plaintiff, his agent or attorney, having made affidavit, the process required shall issue, without any petition being *then* presented.— *Acts.* 1828, *p.* 150, *sec.* 4.

This regulation was intended to obviate an inconvenience which sometimes arose from transient debtors, getting out of reach of process, before a petition could be drafted, and copies of it and citation procured; and its object was not only to secure their persons to respond to the final judgment, but also to enable the creditor to make service of the petition and citation. The experience of this case shews, that the legislature have failed in their object when the debtor can find bail. For, though arrested, he has, by giving bond, effectually prevented service of either petition or citation on him. The question then is, whether these can be dispensed with; or whether the arrest can stand in place of them, so as to authorize judgment by default. We think not. The law, as it is well known, and it is unnecessary to cite its provisions, requires citation as the basis of all proceedings, and declares the judgment void, which is not preceeded by it. Knowledge of the suit on the part of the defendant, no matter how clearly it may be brought home

Although a party be arrested and held to bail, service of the petition and citation cannot be dispensed with.

Knowledge of the suit on the part of the defendant, no matter how clearly it may

Eastern District,
January 1831.

WALL
*vs.*
WILSON.

be brought home
to him, will not
suffice, if this for-
mality has not
been pursued.

to him, will not suffice if this formality has not been pursued. Nothing will cure the defect but appearance, and pleading to matters other than the defect of the citation. Now though it is certainly not very agreeable to see the ingenuity of a debtor, baffle and set at nought a provision of law, made more effectually to coerce his appearance, yet we cannot help it. The conduct of the defendant, in truth, amounts to nothing more, than that he knew a suit was about to be commenced against him, and evaded the process. This we are afraid many others do, and such conduct does not authorize judgment against them. The knowledge gained by arrest, cannot be distinguished from that acquired through any other source, as to its effect on the debtor. It is not citation, but a means of having citation made. It is clear the law, notwithstanding the arrest, contemplated the service of petition and citation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the suit be dismissed with costs in both courts.