## No. 7243.

### GEORGE L. BRIGHT VS. THE METAIRIE CEMETERY ASSOCIATION.

Plaintiff having based his suit upon the allegation of a contract of employment of his professional services and of a *fixed* compensation for the same, cannot be permitted to prove the value of those services before or without proving the contract itself.

Under the authorities, after proving the alleged contract of employment, if he failed in the further proof of the alleged stipulated fee, he might then be allowed to show the value of the services; but this is not intended to supply the indispensable evidence of the alleged contract itself, in default of which he cannot recover.

A corporation which, by its charter, can only act through its board of directors, cannot be bound to contracts by its president, without the authorization of the board, unless it is in acts of simple administration which, of necessity, should be done without that authorization.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

*J. Ad. Rozier* and *Geo. L. Bright* for Plaintiff and Appellee.

1. The president of a corporation has the right to employ an attorney at law without the authorization of the Board of Directors. 2. In a suit on a contract and *quantum meruit*, evidence is admissible to prove the *quantum meruit*, and to show that the plaintiff is entitled to recover independently of the contract. 3. When an attorney is employed for a stipulated fee, and is afterwards dismissed by his client without any fault on his part, he has a right to recover the whole amount stipulated to be paid.

*Breaux & Hall* for Defendant and Appellant.

1. A party suing on a contract, and on a *quantum meruit*, may be compelled to elect. 12 L. 459; 5 A. 597; 19 A. 13.
2. A corporation can only act in the order prescribed by the law creating it. Hill vs. Op. R. R. Co., 11 A. 293; 2 Cranch, 168; 12 Wheaton, 34; Angel & Ames on Corp. § 231; do. p. 285, ed. 1866; 2 Johnson N. Y. Rep. 114; C. C. 438, 439.
3. No evidence of contract with corporation admissible other than vote of the directors according to charter.

The opinion of the Court was delivered by

POCHÉ. J. Plaintiff, an attorney and counsellor-at-law brings this suit to recover the sum of $3672 20 for professional services rendered to defendant, under an alleged contract, under which he was retained to relieve defendant, by proper legal proceedings, from the payment of a drainage tax, amounting to $11,016 20, assessed against the lands of the association.

He alleges, that under his contract with the company he was to receive as a contingent fee one third of the amount of the tax from which he would succeed in relieving his client, and that he was prevented from completing his full task, in the midst of his labors, by being discharged without cause by the defendant.

The defense is a general denial, coupled with the special averment, that the company's lands were exempted from any drainage tax by an act of the Legislature passed in 1877.

The defendant has appealed from a judgment rendered in favor of plaintiff for the full amount claimed.

During the trial plaintiff introduced evidence to prove the value of his services, before proving his contract, as alleged, and the testimony was admitted over the objection of defendant, who reserved a bill of exception. The ruling of the District Judge was erroneous, and the evidence was inadmissible.

Plaintiff, having alleged a special contract, cannot be allowed to recover on a *quantum meruit*. The attempt to prove the value of alleged services, as a general rule, rests upon the hypothesis that the compensation for such services was not determined by the parties in their contract, and is in direct contradiction with the averment in this case, that under the alleged contract the amount of plaintiff's compensation was fixed at one third of the tax claimed, which he could succeed in saving or rescuing for the company. It is elementary that a party cannot be allowed to administer proofs of facts or allegations not set forth in his pleadings.

Hence it follows, that if a plaintiff sues for services under a special contract, he cannot be tolerated in an attempt to prove up his contract by showing the value of his services. Such value may be shown in support or corroboration of proof of the contract, but not to prove the contract, itself a part of other evidence, to substantiate the agreement as alleged.

Plaintiff having next offered evidence to prove that he had been employed by C. T. Howard, president of the company, defendant objected to any evidence tending to show a contract between plaintiff and the president, or any one else, unless it was first shown that such contracting party was thereto authorized by the board of directors of the company, who could alone bind the association in such a contract.

The objection was overruled, and voluminous testimony was admitted to show a contract of retainer, as alleged by plaintiff, between himself and C. T. Howard, in his capacity of president of the Metairie Cemetery Association; and upon that evidence the District Judge must have predicated his judgment, for the record is barren of any evidence showing the participation of the board of directors in the contract, or any act of such board to authorize their president to enter into the alleged contract in behalf of the company.

We are clear that the court erred in admitting this evidence, all of which should have been excluded.

Plaintiff had specifically alleged that he was retained by the asso-

ciation, without even stating that it had acted through its president, and as a condition precedent to the administration of proof of a contract with the president, it was incumbent upon him to first show that authority had been vested for that purpose in that officer by the corporation, acting in the manner and under the form prescribed by its charter. Section five of the charter provides that "all the powers of this corporation shall be vested in a board of directors, to be composed of six stockholders, a majority of whom shall constitute a quorum."

Plaintiff contends that the president of a corporation is, by virtue of his office, authorized to employ counsel without a resolution of the board, and that such retainer may be made by parol agreement, and he quotes numerous authorities in support of his position.

We have carefully examined these authorities, and we are constrained to conclude that he is not borne out by them in his argument. It is elementary that corporate bodies are artificial beings or persons, who can act only in the mode prescribed by the law creating them, or in the manner specified in their organic law or charter.

It is true that in many corporations acts of administration in their ordinary business pursuits can, and must of necessity, be performed by the president, or other authorized officer, but such authority must be provided for by special laws, or by stipulations in the charter, and must apply to well defined acts within the essential object or objects for which the corporation was created. Now, in this case, the object of the association was to establish and maintain a cemetery and graveyard, and any act for the regulation of burials or disposition of graves could be performed by the president or other officer entrusted with the administration and direction of business within the main object of the corporation. But this power could not possibly be extended to cover such a contract as forms the basis of this suit. The record shows that the company had a regular attorney, and, in our opinion, no authority short of the action of the board of directors could justify the president to employ and retain a special attorney, outside of usual legal business, to represent the association in a litigation of great moment and magnitude, which would be rife with vital consequences to the company, and would entail the payment of a large fee.

It appears that plaintiff himself felt that his contract with the president was not complete without the confirmation of the board of directors, and he prudently proceeded to thus crown his edifice. To that end he drew up a written contract, which he proposed to the president for his signature; but it appears that notwithstanding Howard's willingness to sign the document, he suggested the propriety of first obtaining the authorization of the board, awaiting which he withheld his signature, which has never been affixed to the proposed agreement. But

even if he had officially signed the paper, it would yet have been an un-meaning ceremony, lacking the vivifying breath of the board of directors, the only power clothed with the authority to perfect such a contract, and to give it binding force; and it nowhere appears in the record that such authorization was ever procured or obtained by the president or any one else, from the board, either in writing or verbally. And we deeply regret that plaintiff should have stopped short in the prudent course which he had thus mapped out for his own protection, but we must deal with the evidence as we find it in the record.

Plaintiff urges the application in this case of the rule which presumes the employment of a regular attorney who appears in a legal proceeding. But he fails to recognize a necessary distinction which qualifies this rule in its application, between cases where the attorneys' authority to appear is to be tested with reference to the effect of their professional acts on the interest of third parties, and cases, when suing for their fees, their authority or employment is specially denied by the parties whom they represented in legal proceedings.

In the latter cases, they must prove a retainer or contract, as alleged, by legal evidence; and if the alleged contract was with a corporation, the contract must be shown to have been made by the person or persons, duly authorized thereto, for corporate bodies can act or contract only in the manner and form prescribed by law or by its charter. Angel & Ames on Corporations, p. 278; 2 Johnson, N. Y. Reports, p. 114; 12 Wheaton, 34; C. C. 438, 439; 11 A. 293. Plaintiff also attempted to show that the board of directors had ratified the acts of the president in the premises. But the only evidence on that point consists of sundry bills of costs and other charges, made in the name of the association, approved by plaintiff, as its counsel, and paid by Howard, the president. But nothing shows that he was thereto authorized by the board of directors, or that they ever approved or ratified his conduct in that particular; and the evidence thus fails to show legal ratification by the board of the contract sued upon.

We therefore conclude that plaintiff has failed to prove a contract, as alleged in his petition, and that he cannot recover.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and that plaintiff's demand be rejected, and his action dismissed at his costs in both courts.

Justice Fenner, having been of counsel in this case, recuses himself.

---

### ON APPLICATION FOR REHEARING.

POCHÉ, J. Plaintiff urges his application for a rehearing of this

cause with great earnestness, and supports it in a very able brief, which we have read with care and interest.

We think that he misapprehends the reasons which underlie our opinion, and amply justify our decree; for he complains of the injustice of our refusal to allow him to prove the value of his services under the agreement which he alleges; and he quotes numerous authorities in support of the doctrine that a party declaring on a special contract, with or without the allegation of a *quantum meruit,* can and must be allowed to prove the value of the services rendered, of the work done, or of the goods sold and delivered.

We have examined the authorities on which he mainly relies, and fully indorse the doctrine therein demonstrated. But we fail to see their application to this case. In all the cases quoted, the main contract, either of employment or sale, was proved, as alleged, and the only difficulty arose as to the price or amount of compensation, in proof of which evidence was allowed to prove a *quantum meruit.*

In this case plaintiff declares that he was employed by the defendant corporation to defend a suit, and that his fee was determined at one third of the amount sued for in case of complete success, or one third of the amount saved in case of partial success.

This averment asserts a special contract, containing two distinct elements; first, an employment, and second, the amount of compensation of the services to be rendered.

Defendant's general denial puts at issue both the propositions, which are essential to plaintiff's recovery.

To succeed, he must first prove that he was retained or employed as *alleged,* and in the next place, that this compensation was agreed upon as *alleged,* or in default of such proof, that his services were worth the amount claimed therefor.

But before proving his contract of employment as alleged, plaintiff attempted to prove the value of his services under the *quantum meruit.* To this defendant objected, and we maintained those objections. We are clear that in such a ruling we contravene no principle of law, justice or equity, and that we are supported by the very authorities quoted against us by plaintiff in his brief for rehearing. In support of his contract of employment, plaintiff introduces evidence showing his retainer by C. T. Howard, president of the association, and to this kind of evidence defendant urges objections which are insurmountable.

We cannot sanction the doctrine that the powers of a corporation which are specially entrusted, under the charter, to a board of directors, can be exercised or usurped by the president or any other officer of the corporation.

The record utterly fails to show any action whatever of the board

of directors touching or affecting in any manner the contract sued upon by plaintiff, or any knowledge in said board of plaintiff's appearance in court in the drainage tax suit in behalf, or as counsel, of the corporation.

In rejecting the evidence offered by plaintiff, to show the value of his services under the contract alleged by him, we desire to be distinctly understood as holding, that had plaintiff proved, by legal evidence, that he had been employed as alleged by the defendant, through or; by the authority of its board of directors, the only power which could bind the corporation in such a contract, and if, after such proof, he had failed to prove the stipulation for his compensation, as alleged, it would then have been competent in him to prove the value of his services.

But in the absence of proof of any contract of employment by the defendant corporation, acting in the mode pointed out by its charter, the door must be closed against any and all evidence of the value of services rendered without authority from the board.

We, therefore, conclude that our decree must remain unaltered, and the rehearing applied for is, therefore, refused.