No. 9911.

### J. C. EGAN VS. S. RUSS.—B. C. LEE ET AL., INTERVENORS.

Parties may, by their contracts, waive rights which they would be entitled to enforce under the general law.

Plaintiff, being about to erect a dam across a watercourse, which defendant opposed, and was about to enjoin, entered into an agreement with the latter, that if he would not enjoin the work, but permit its completion, defendant might remove the dam if, in the high-water season, it should prove injuriously to subject defendant's land to overflow, on giving plaintiff notice in time to close a ditch leading from the watercourse through his plantation. Defendant having cut the ditch, held that plaintiff was not entitled to damages on defendant's showing that it did subject his land to overflow, and that the ditch was actually closed.

Plaintiff's demand, however, for an injunction restraining defendant from further interfering with the reconstruction of the dam and from tearing it down when rebuilt, is sustained.

The contract being fully executed, and the *status quo* restored, defendant cannot take the law into his own hands, but must resort to legal remedies for further vindication of his rights.

The dam being authorized by the police jury for the purpose of carrying a public road across the watercourse, the police jury should be a party to any proceedings to test the legality of its proceedings, and we decline to pass upon those questions in its absence.

APPEAL from the Eleventh District Court, Parish of Red River. *Hall,* J.

*J. F. Pierson,* for Plaintiff and Appellant.

*Pierson & Hall,* for Defendant and for Intervenors Appellees :

1. A jury consisting of not less than six free holders must be appointed to trace and lay out a new road proposed to be established, and they must take the oath prescribed by law. Sec. 3369 R. S. A road cannot be transferred to another place without the consent of the owners through or contiguous to whose land it runs. Ib. 34 Ann. 940.

A failure to comply with an important requirement of the law in establishing a road nullifies the whole proceedings. 27 Ann. 204. Mere user does not make a road public. 37 Ann. 497.

2. The police jury made no provision for filling up Cross Bayou in accordance with law. The resolution as officially published appropriated money to build a bridge over the bayou. The subsequent contract privately made with plaintiff for filling up the bayou was illegal and a violation of defendant's and intervenors' rights. 29 Ann. 516. Sec. 2743, No. 13 R. S.

3. The proprietor of an estate has no right to change the flow of water in such a way as to cause them to run in another direction beyond the boundaries of his estate. C. C. Arts. 660–661.

4. It is not essential that estates should be contiguous in order that one may derive benefit from the servitude on the other. C. C. Art. 651.

5. Plaintiff has no right to close a bayou at its head in order that he may facilitate the drainage from his fields, and more particularly to reclaim and redeem large areas of lakes and ponds. 12 La. 503; 15 Ann. 300; 13 Ann. 587; 15 Ann. 497; Ib. 681; 10 Ann. 689; 12 Ann. 554.

6. A proprietor cannot erect any work which changes or obstructs the servitude of drainage and running water to the injury of neighboring proprietors. Same authorities. 4 Ann. 165; 33 Ann. 796; 34 Ann. 935–568; R. S. Sec. 3026.

7. There is no such thing as servitude of reclamation.

8. Plaintiff, by reason of his consent that defendant should destroy the dam when he thought it was injuring him, is estopped from claiming damages for its destruction as well as asking for an injunction to aid him in rebuilding it.

## MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The motion is based on the ground that the amount in dispute does not exceed two thousand dollars.

Plaintiff claims $1065 damages, occasioned to him by the cutting by defendant of a dirt bridge or dam, built across a bayou known as Cross Bayou, and also asks for an injunction restraining defendant from interfering with him in rebuilding said bridge or dam or from disturbing said dam when thus rebuilt.

Egan vs. Russ.

Defendant not only disputes plaintiff's claim for damages, but denies the right of plaintiff to build or maintain the dam, and avers that the maintenance thereof would subject his property to overflow and damage him more than five thousand dollars.

The interests involved are two-fold: First, the pecuniary damages claimed by plaintiff; second, the value to the parties of the right to close the Cross Bayou or to keep it open. State ex rel. Levet vs. Lapeyrollerie, 38 Ann. 913.

Plaintiff, against whom judgment was rendered, appealed to the Circuit Court. Defendant there moved, successfully, to dismiss the appeal on the ground that the amount in dispute exceeded $2000.

Plaintiff then appealed to this court, and the same defendant moves to dismiss his appeal here, on the ground that the amount in dispute does not exceed $2000.

We cannot recognize such contradictory proceedings, and considering that, from the face of defendant's pleadings, as well as from plaintiff's affidavit filed here, the value of the rights involved exceeds $2000, we must maintain the appeal. Motion to dismiss denied.

MERITS.

It appears that, on June 23, 1884, the police jury of the parish passed an ordinance changing the road No. 17 from Coushatta ferry to Greening's ferry, in such manner as to run it across Cross Bayou.

On July 23d another ordinance was passed, which, as appears from the minutes, appropriated "the sum of forty dollars, or so much as may be necessary   *   *   to build a *dirt* bridge across Cross Bayou."

But this ordinance, as published in the official journal, omitted the word *dirt*, and made it appear that the intention was only to build an ordinary bridge. Of course, this publication gave no notice of the purpose to build a dam closing the bayou.

Plaintiff, who was interested in having such dam built as a protection levee to his lands and plantation, made a contract to build it at the joint expense of himself and the parish.

Defendant was not advised of this project until the construction of the work was begun, when he and others interested called on the president of the police jury to protest against it. That officer informed him that he was not aware of any objections to the work, and referred him to plaintiff, by whom, he said, he had been informed that there were no objections.

Defendant and party then called on plaintiff and announced their intention to enjoin the work, by legal proceedings. Plaintiff dissuaded them from that course, insisting that their apprehensions of injury

were without foundation, as would appear if the dam were built and submitted to the test of high water, assuring them that he had no wish to injure. his neighbors, and that, if they would let the work go on, he would be perfectly willing, if, when high water came, the dam should prove injurious to defendant's lands, that they should remove it.

The conversation culminated in an agreement, about the exact terms of which there is some conflict, but the substance of which was undoubtedly that, so far as plaintiff was concerned, he would consent that they might cut the levee, if, in the high water season, they found that its effect was to increase the overflow of their lands, first giving him notice so that he might close his ditch running into the bayou. Under the inducement of this agreement, defendant abstained from legal proceedings, and permitted the work to go on.

In the high water of May, 1885, defendant, with others, cut and removed the dam, claiming that, in so doing, he acted under the terms of the foregoing agreement.

It is to be observed that we have no concern here with any questions of public law, so far, at least, as plaintiff's action for damages is concerned. The police jury has not appeared in this suit, and, so far as the record advises us, neither that body, nor any other public authority, makes any complaint of defendant's conduct.

The controversy is simply and purely between plaintiff and defendant, and their rights and obligations are to be governed by the law which they have made for themselves, i. e., by their contract.

Conceding that defendant's act in interfering with a public highway established under authority of the police jury was, in itself, illegal, and that any member of the general public might claim reparation for damages occasioned him by such act, yet plaintiff, as an individual member of the public, had the right, by contract, to waive his particular claim on that account, and to conclude it as fully as if he had been present consenting to, or participating in, the act. Under these views, we hold that plaintiff's right to damages depends on the solution of two questions, viz:

1st. Did the dam across Cross Bayou operate to injure the lands of defendant, by increasing the overflow thereon ?

2d. Did defendant notify the plaintiff of the cutting in time to enable him to close his ditch, or did any injury result from want of such notice ?

The evidence in the case fully confirms the conclusion of the district judge that the dam unquestionably increased the rapidity and extent of the overflow on the lands of defendant.

It is equally clear, and is, indeed, substantially admitted in the petition that, before the effectual cutting, plaintiff's ditch was actually closed, and no injury resulted from non-closing.

Hence, we consider that the judgment rejecting plaintiff's demand for damages was correct.

I.

On the question of the injunction, however, we are compelled to take a different view from that of the judge a quo.

The contract between plaintiff and defendant is completely executed and at an end. The dam has been removed.

The status quo before the contract is completely restored. The courts are open to defendant for the prosecution of all his legal remedies.

Plaintiff averring his intention to rebuild said levee, and that "he has good reasons to fear, and does verily fear and believe, that said S. Russ will attempt to hinder and interfere with him in rebuilding the same, and that said Russ will pull down or destroy the same after it is repaired and rebuilt," asks for an injunction simply restraining defendant from such action.

To this relief plaintiff is clearly entitled.

As has been said by this court in another case : " Amongst the powers delegated to the police juries in this State, one of the most important is that to cause any water-course which is not navigable to be filled up for the purpose of carrying the public highways over the same, provided no injury be thereby occasioned to the neighboring inhabitants. Rev. Stat., sec. 2743, No. 13." Lalanne vs. Savoy, 29 Ann. 516.

The police jury, in this case, has assumed to establish a public road and to authorize the filling of Cross Bayou in order to carry the road across it. Plaintiff claims the right, under his contract with the police jury, and by its authority, to build this dam. Whatever may be the rights of defendant, it is clear that he cannot take the law in his own hands, and physically oppose plaintiff's construction or tear it down when built.

If he denies the regularity of the proceedings of the police jury or its right to fill up this water-course to his injury as a neighboring inhabitant, he must assert his pretensions contradictorily with the police jury as well as with plaintiff, who acts under its authority.

We must decline to settle these questions in this action, where they are not essential to the determination of any right allowed by us to

plaintiff, and where defendant has not even formally propounded a reconventional demand.

Nothing prevents defendant or intervenors from resorting to proper legal proceedings against the proper parties in order to determine these rights and, in the meantime, to preserve the *status quo* by injunction.

We do not, by this decision, affirm the right of plaintiff or of the police jury to close this water-course. We simply deny the right of defendant, by extra judicial proceedings, to obstruct or destroy the work by physical force.

We note that since this suit was filed, defendant did bring an injunction suit against plaintiff, which was dismissed on the exception of *lis pendens*, because he had asserted a like right in this suit. But that obstacle will be no longer in his way.

There is no inconsistency between these views and our reference to the right to build this dam as an element of the cause of action on the motion to dismiss. The *right* was asserted in this suit, and litigated between the parties. We simply decline to decide it in this proceeding.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be affirmed in so far as it rejects plaintiff's demand for damages; that, in all other respects it be annulled, avoided and reversed; that the injunction issued in favor of plaintiff be now reinstated and perpetuated; that intervenors' demands be rejected, appellees, defendant and intervenors to pay the costs of their respective proceedings in the lower court and the costs of this appeal.

Watkins, J. recuses himself, having been of counsel.