·No. 11,965.

GEORGE W. SENTELL ET. ALS. VS. POLICE JURY OF THE PARISH OF AVOYELLES.

The petition of taxpayers charging substantially that the proposed tax in aid of a railroad was defeated at the election held to authorize the tax; that votes cast against the tax were not counted; that the promulgated result was not in accordance with the facts, but is based upon the illegal rejection by the returning officer of such votes against the tax, and praying that the promulgation of such result be adjudged void, and the returns of the returning officer be set aside with the prayer for general relief, will be deemed a petition of taxpayers, authorized by law, contesting such elections. Constitution, Art. 242; Act No. 106 of 1892.

The taxpayers, plaintiffs in such suit, contesting the election, may join the demands that the election be set aside and that the ordinance of the police jury be annulled—levying the tax—for if the tax is defeated, there is no warrant for the tax. *Ibid.*

Our jurisprudence affirms the jurisdiction of the courts in a class of cases without reference to the money demand of the litigant, and this case falls within that class. 19 La. 567; 45 An. 637, 681; 46 An. 278; Constitution, Art. 11.

In the suit of the taxpayers contesting the election to authorize a tax under Art. 242 of the Constitution, the amount in dispute is the tax on the property of the parish; an amount undoubtedly sufficient to give jurisdiction to the District Court, as well as this court on appeal, and the suit substantially involving the legality of the tax, this court on that ground besides, has jurisdiction of the appeal. 39 An. 107; 45 An. 682; 43 An. 95; 45 An. 681; Constitution, Arts. 11 and 81; 36 An. 328, 812; 39 An. 946; 37 An. 507.

Taxpayers, non-residents and residents in the parish, may join in such suit. Constitution, Art. 242; Act No. 35 of 1886, Sec. 5; 39 An. 107; Cooley on Taxation, 765; 101 U. S. 601.

In a petition to contest an election to authorize a tax the prayer that the returns be set aside, the promulgated result be decreed a nullity, that the returning officer be directed to make a correct compilation of votes, and that the ordinance levying the tax based on such return be decreed a nullity, all tend to the same relief and are not cumulative of distinct demands.

Such suit is required to be directed against the police jury, and the allegation that the returning officer rejected or changed returns of commissioners, in violation of law, furnishes no ground for the exception on non-joinder, because the returning officer is not made a defendant. Act No. 106 of 1892.

APPEAL from the Tenth Judicial District for the Parish of Avoyelles.   *Coco, J.*

*A. B. Irion* for Plaintiffs, Appellants.

*William H. Peterman, A. J. Lafargue* and *Clegg & Quintero* for Defendant, Appellee.

Argued and submitted December 19, 1895.
Opinion handed down January 6, 1896.

The opinion of the court was delivered by

MILLER, J.   The plaintiffs, alleged to be taxpayers of the parish of Avoyelles, brought this suit against the Police Jury of the parish, to set aside the election returns of the votes cast on the question of levying a five mills tax in aid of a projected railroad, the petition praying also for the annulment of the ordinance of the jury imposing the tax.   The allegations are in substance that the tax was defeated by a majority of the votes; that the returns were changed, and that the promulgation of the result was not in accordance with the votes cast. ‧ The defendants excepted that the District Court had no jurisdiction, because there was no pecuniary amount involved; on the ground also there was a misjoinder of parties plaintiffs and defendants; on the further ground of an improper cumulation of demands, and an additional ground of no cause of action.   The lower court sustained the exceptions, and plaintiffs appeal.

There is a motion to dismiss this appeal on the ground that there is no amount in controversy.   If the Constitution in defining the jurisdiction of this court is to be interpreted as excluding all controversies, in which the appellant does not assert a pecuniary demand

7

of the amount stated in the Constitution, the result would be to deny judicial cognizance of a large class of suits involving rights of the highest importance, though not in the form of money demands. Under the Constitution of 1812, the jurisdiction of the Supreme Court was declared to extend to all civil cases in which the amount in dispute exceeded three hundred dollars. In respect to this question our present Constitution is not different, except as to the appealable amount, from that of 1812. The construction of the judicial power has, at all times, been adverse to confining the jurisdiction of this court to mere money demands of litigants of the amount fixed by the Constitution. Rowley vs. Rowley, 19 La. 558; State vs. City, 41 An. 159; State ex rel. Denis vs. Mayor, 43 An. 95; State ex rel. Custodian Notarial Records vs. Theard, 45 An. 681; Sheriff vs. President Police Jury, 46 An. 278. The argument in support of this motion supposes the jurisdiction depends on the amount of the tax each of the taxpayers has to pay. Their suit puts at issue the tax of five mills on the entire taxable property of the parish. In view of our jurisprudence, we would find it difficult to adopt the narrow test of jurisdiction urged in support of the motion. But there is another view. If the votes cast defeated the tax, the ordinance imposing it is illegal. The tax depends on the vote. The petition avers the requisite vote in number and amount of property was not obtained, but on the contrary the tax was defeated. With the prayer that the returns be set aside, there is also the demand that the ordinance imposing the tax be annulled. In this view the suit involves the legality of the tax, dependent as it is on the vote, and that question gives this court jurisdiction. Constitution, Art. 81; McGuire vs. Vogh, 36 An. 812; Adler, Goldman & Co. vs. Board of Assessors, 37 An. 507.

The motion to dismiss is therefore overruled.

One of the exceptions denies the jurisdiction of the District Court because, as it is charged, no pecuniary amount is involved. It is a suit of taxpayers of the parish seeking relief against a tax alleged to have been illegally imposed. There is no averment of the tax of each of the taxpayers, and the absence of this averment is the basis of the exception. The right of the taxpayer to contest elections under Art. 242 of the Constitution to authorize increased taxation is derived from the Act No. 106 of 1892. "Any party in interest" may contest. The object of such contest is to avert taxa-

tion, and taxpayers are naturally parties in interest. When such suit is brought the amount in dispute is the proposed tax on the property of the parish, and not the amount of the tax of the plaintiff. In view of the allegation in the petition that votes were rejected representing over two hundred thousand dollars of property, it is not susceptible of controversy that a five-mill tax on the property of the parish afforded the basis for the jurisdiction of the lower court. In this view there was the pecuniary test, if none other, to give jurisdiction. Handy vs. New Oʌleans, 39 An. 107; State vs. City, 4I An. 159; State ex rel. Denis vs. Mayor, 43 An. 95; State ex .el. Custodian Notarial Records vs. Theard, 45 An. 631; Sheriff vs. President Police Jury, 46 An. 278.

The exception of misjoinder is based on the fact that some of the plaintiffs are residents of Avoyelles and others reside in Orleans and St. Landry. . All are alleged to be taxpayers. There are two articles of the Constitution in reference to elections for determining [the increase of taxation. One of these articles applies, we think, to taxation for purposes of local government and confines the right of voting to resident taxpayers. Art. 209. It was so construed in a case of a tax for a court house and in·another concerning a tax for a local railroad. Duperier vs. Viator, 35 An. 958; McKenzie vs. Tax Collector, 39 An. 946. The other article, 242, deals with elections for railway enterprises, and in our view entitles taxpayers to vote. The act carrying into effect this last article provides for the votes of non-resident taxpayers. We think that taxpayers, whether resident or non-resident, were properly joined as plaintiffs.

The exception of non-joinder of defendants refers to the allegation in the petition that the returns made by J. A. Tassin were changed ˙in violation of law. This allegation might have been omitted without detracting from the cause of action. The prayer is that the returns be decreed a nullity, and he be decreed to compile the votes as cast. He is not made a defendant, and the prayer for a compilation of returns, abandoned, as we are informed in the brief, was not essential to the relief. There is, in our opinion, no basis for the exception on this ground.

It is also excepted there is an improper cumulation of demands. In our opinion the prayer that the election returns be set aside, and for the avoidance of the result of the election, may well be joined. If the returns are set aside the avoidance of the election is the

sequel. If the election is set aside, the annulment of the ordinance follows. All these demands concur to the same end. As to the prayer for the compiling of the votes, that becomes useless if the relief in other respects is granted.

It is claimed, too, the petition shows no cause of action. But it avers substantially that the tax was defeated by the rejection of legal votes. The theory of the exception seems to be that non-resident taxpayers were not entitled to vote, a proposition already sufficiently discussed.

We think the exception should have been overruled, and defendants ordered to answer.

It is therefore ordered and decreed that the judgment of the lower court be avoided and reversed at defendants' costs.