(54 South. 337.)

No. 18,529.

WHITE HALL AGR. CO. et al. v. POLICE JURY OF CONCORDIA PARISH et al.

(Jan. 30, 1911.)

*(Syllabus by the Court.)*

1. PARISHES—SCHOOLS AND SCHOOL DISTRICTS (§ 119*) — ACTIONS — SUFFICIENCY OF CITATION.

A corporation must be sued in its own name. Code Prac. art. 119. Citations addressed to the president of the police jury and to the president of the school board are not citations addressed to those corporations.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 352; Dec. Dig. § 219;* Schools and School Districts, Cent. Dig. § 276; Dec. Dig. § 119.*]

2. PARISHES—SCHOOLS AND SCHOOL DISTRICTS (§ 119*)—ACTIONS—SERVICE OF CITATION—CURE OF DEFECTS.

The acceptance of service by the president of the police jury and the president of the school board of the citation served on them did not cure the want of citation to the police jury and the school board, so as to bind those bodies.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 219;* Schools and School Districts, Dec. Dig. § 119.*]

3. Parishes—Schools and School 'Districts (§ 119*)—Insufficient Service—Cure by Appearance.

The appearance of the respective presidents of the police jury and the school board, without authority from the respective bodies to which they belong, was not an appearance of the police jury and the school board, and the only way the want of citation could have been cured would have been by the appearance of these two bodies through some one authorized to represent them.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 353; Dec. Dig. § 220;* Schools and School Districts, Dec. Dig. § 119.*]

4. Parishes—Schools and School Districts (§ 119*)—Want of Service—Cure.

The fact that the police jury and the school board filed exceptions of no cause of action, misjoinder, and nonjoinder, after having first excepted to the jurisdiction of the court for want of citation, did not have the effect of curing this want of citation.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 220;* Schools and School Districts, Dec. Dig. § 119.*]

5. Parishes—Schools and School Districts (§ 119*)—Want of Citation—Cure by Appearance.

The motion to refer to the merits the motion of plaintiffs to strike out certain parts of the answers of defendants was made in the name of "defendants," and, if counsel created a doubt as to whether the police jury and the school board were intended, this doubt will be resolved in favor of these two bodies, and will not be considered as curing the want of citation to them.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 220;* Schools and School Districts, Dec. Dig. § 119.*]

Appeal from Tenth Judicial District Court, Parish of Concordia; J. S. Boatner, Judge.

Action by the White Hall Agricultural Company and others against the Police Jury of Concordia Parish and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

S. L. Elam and J. E. Clayton, for appellants. Calhoun & Calhoun, for appellees.

BREAUX, C. J. The White Hall Agricultural Company, and the Concordia Planting Company brought this suit to have declared null an election of the taxpayers of school district No. 5 of the parish of Concordia to determine whether or not to levy a tax of three mills upon the property within the limits of the district for a period of 30 years for the purpose of erecting school buildings in the district.

The complaint is that no legal election was held by the taxpayers, and that the police jury promulgated the result of the election, and declared that the vote was in favor of the tax; that this election was null for the reason that no petition was presented to the police jury to authorize the jury to call an election of the taxpayers.

Plaintiffs asked to have the sheriff of the parish, the president of the police jury, and the president of the school board cited, and did not ask for service to be made on the police jury or on the school board in their respective names.

In accordance with their petition, the president of the police jury and the president of the school board and the other defendants accepted service of the petition through their attorneys.

In due time thereafter the police jury of Concordia parish and the school board filed an exception on the ground that they had not been cited.

Thereafter the respective presidents of the police jury and the school board filed an exception of no cause of action, of misjoinder of parties, and nonjoinder of parties.

The sheriff filed a similar exception with the additional ground of prematurity of the suit.

The exception of the assessor, also made a party, was to the same effect, save that he in addition alleged that he as assessor had placed the plaintiff's property on the assessment rolls for the year 1910, and the injunction to restrain him from placing the property on the roll came too late.

These exceptions we are informed by the record were filed on the 3d day of October, 1910, and on the following day the plaintiffs moved to strike out the allegations of

the different defendants in their respective exceptions, except the allegations of E. F. Campbell, sheriff, who stated that plaintiffs' petition showed no cause of action.

This defendant pleaded no cause of action, prematurity, that there was misjoinder and nonjoinder of parties, as just above mentioned.

The police jury and· others moved the court to have plaintiffs' motion to strike out tried at the same time with the exceptions.

This motion was not granted.

Thereafter the motion to strike out was overruled. Except as to the sheriff, defendants' exceptions were sustained. The judgment, it is urged, as to him ·was erroneous, and ought to be overruled, and to that extent annulled and reversed, but affirmed in all other respects.

Plaintiffs appealed.

The police jury of the parish, the school board, and the presidents of each of these bodies and the other defendants filed a motion on the same day asking the district court to set aside plaintiffs' order of appeal, which request was not granted.

In this court defendants have answered the appeal and asked that the judgment remain as it is, except with regard to the sheriff, whose exception, they alleged, ought to have been sustained.

Defendants severed in their defense, and their exceptions slightly differed one from the other.

The motion of "defendants" to refer to the trial of the exceptions plaintiffs' motion to strike out was made in the name of the defendants; that is, in the name of the president of the police jury, the president of the school board, and the other defendants.

Evidence was taken on the trial of the exceptions of misjoinder by the various defendants referred to above. Two witnesses were heard; one, the secretary of the police jury, and the other, the superintendent of the

school board. They swore, and their testimony was not contradicted, that neither the police jury nor the school board had authorized any one to plead in the defense of the suit. There had been no proceedings of these bodies in that regard.

After the district court had dismissed the suit, reserving to the plaintiffs the right to amend, make parties and cite defendants, plaintiffs moved for an appeal to vacate the order of appeal, which was overruled.

The first exception is whether the defendants, to wit, the police jury, the school board, and the others were impleaded.

## Defendants That Ought To Be Made Parties.

In our view of the law relating to citation, we are constrained to hold that these corporations were not sued and cited in the manner required. The Code of Practice leaves very little to interpretation upon the subject. One of its articles specially provides that a corporation must be sued in its name. Code Prac. art. 119. See, also, sections 112 to 198 of the same book.

The statutes are equally as clear. Section 7, Act No. 214 of 1902, contains also provisions upon the subject. Act No. 106 of 1892 is to the same effect.

The decisions of this court following the provisions of the Code of Practice and of the statutes hold in substance · that the police jury is a necessary party.

The following decisions are pertinent: Egan v. Russ, 39 La. Ann. 971, 3 South. 85; Sentell v. Police Jury, 48 La. Ann. 98, 18 South. 910.

## As Relates to the Want of Citation.

The defendant is party to whom to address the citation (Code Prac. arts. 178, 179), and knowledge brought to the defendant in any other way will not cure a citation (Bertoulin v. Bourgoin, 19 La. Ann. 360; Payne v. Graham, 23 La. Ann. 773).

The citation ought to be addressed to the corporation sued, and not to its president. Telephone Co. v. Judge, 50 La. Ann. 674, 23 South. 871; Railroad Co. v. Justice of the Peace, 48 La. Ann. 1417, 20 South. 911. See, also, Gubel v. Lafayette, 118 La. 494, 43 South. 63.

The defendant was not properly made a party.

## Effect of Acceptance of Service.

The acceptance of the service by the president of the police jury and by the president of the school board did not bind the police jury and the school board. The corporations were not called into court to answer the petition.

Had judgment been rendered against the president of the police jury and against the president of the school board, it would not have been effective against the police jury and the school board, who were not parties. This is particularly true when considered from the viewpoint that these presidents were not authorized by the respective bodies over which they presided.

The presidents of private corporations as well as the presidents of police juries and of school boards have to be authorized to stand in judgment. Hoffpauir v. Wise, 38 La. Ann. 704; Bright v. Cemetery Ass'n, 33 La. Ann. 58.

All corporations being on the same footing in this respect, the case of Jeanerette Rice & Milling Co. v. Durocher, 123 La. 160, 48 South. 780, 781, is specially pertinent.

All the authorities hold that the citation must be addressed to the company or to the corporation.

The presidents of the police jury and of the school board cannot, by accepting service, enable the plaintiffs to do indirectly that which they could not do directly by accepting service; that is, to stand in judgment against the police jury and the school board.

## Other Exceptions Filed.

Plaintiffs' insistence on this point is that the defendants by appearing in other exceptions setting forth other grounds than those in the first exception before referred to have cured the defect or omission in the petition.

The grounds of the petition secondly filed were no cause of action, nonjoinder of parties, and misjoinder.

The exception secondly filed did not have the effect of curing the defect in matter of citation.

If no exception of want of citation be filed, and an exception be, in the first place, filed on other grounds than the want of citation, it would have the effect of curing the want of citation.

That is not the case here. There was an exception of want of citation filed by each of the defendants.

We have seen that the police jury and the school board are not parties.

The appearance, in order to have the effect of waiving want of citation, must be made by the School Board and the Police Jury or some one authorized to represent them.

The appearance which plaintiffs pleaded as a waiver was made by James P. Fagan, president of the police jury, and by J. H. Olshen, president of the school board of directors, and there was no appearance made by the police jury nor by the board of directors. The appearance of these officers did not make these bodies parties.

Illustrating: If A. sued B., and the citation was informal, B.'s answer or other appearance, other than to plea want of citation, would cure the defect. The appearance would conclude B. from pleading want of citation.

But, if A. sues B.'s agent instead of B., and the agent has no authority to represent B., the appearance of the agent does not have the effect of making the citation good as against B.

The same is true of defendants' motion to refer plaintiffs' motion to strike out allegations of the exceptions to be tried with the exceptions.

The same is also true with regard to the evidence taken after this motion to strike out had been filed.

The appearance was the act of the unauthorized officers before named.

Even if we were to concede for a moment that defendants' counsel in using the word "defendants" in the pleading created a doubt as to whether it should be construed as referring to the respective presidents, this doubt would have to be resolved in favor of the defendants. It could not be considered as having had the effect of waiving citation. The service must be waived by the appearance of the party plaintiff seeks to sue. Le Blanc v. Perroux, 21 La. Ann. 27.

The following decisions will serve to sustain the proposition that it must be made to appear that parties sued cured the defect by their appearance: McMicken v. Smith, 5 Mart. (N. S.) 429; Love v. Dickson, 7 Mart. (N. S.) 161; Harris v. Alexander, 1 Rob. 30; Rooks v. Williams, 13 La. Ann. 374.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.