### No. 8975
### Orleans

---

### STATE EX REL. CHARLES FOURROUX v. BOARD OF DIRECTORS OF THE PUBLIC SCHOOLS FOR THE PARISH OF JEFFERSON AND J. C. ELLIS, SUPT., Appellants

---

(Oct. 5, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Courts—Par. 13.**
A court must notice ex officio its want of jurisdiction ratione materiæ; a judgment rendered in such a case is null.

2. **Louisiana Digest—Courts—Par. 115.**
The District Courts of this State have jurisdiction of all cases where civil rights are involved, and where no specific amount is in contest.

3. **Louisiana Digest—Education—Par. 7.**
The Parish Superintendent of Public Schools alone has the right to issue a permit authorizing a pupil to attend school in an adjoining parish.

4. **Louisiana Digest—Education—Par. 6.**
The Parish School Board has no right to order him to issue such a permit.

5. **Louisiana Digest—Education—Par. 6, 7.**
Such a permit can issue only in case adequate schools of suitable grade have not been provided in their home parish.

6. **Louisiana Digest—Courts—Par. 1.**
Courts cannot control officers in the exercise of discretion conferred by law except in case that discretion is exercised in an arbitrary or illegal way.

Appeal from Twenty-eighth Judicial District Court for the Parish of Jefferson, Hon. H. N. Gautier, Judge.

This is a suit for a mandamus to order the Parish Superintendent of the Public Schools for the Parish of Jefferson to issue a permit to enable his son to attend a public school in the Parish of Orleans. There was judgment for plaintiff in the District Court.

Plaintiff, relator's petition dismissed.

L. Robert Rivarde, of New Orleans, attorney for relator, appellee.

John E. Fleury and A. T. Higgins, of New Orleans, attorneys for respondent, appellant.

CLAIBORNE, J. Plaintiff applies for a mandamus to order the Parish Superintendent of the Public Schools for the Parish of Jefferson to issue a permit to enable his son to attend a public school in the Parish of Orleans.

Relator alleges that he is the father of Charles Fourroux, Jr., aged 14 years; that his son has been attending the public schools in Kenner, Parish of Jefferson, for several years; that on account of the advanced studies and desiring to complete the education of his son he has applied to the School Board for the Parish of Jefferson for a permit to enable his son to attend the Warren Easton High School of the City of New Orlans; that at a meeting of said Board held November 3, 1922, a resolution was adopted granting said permit; that the Superintendent of Public Schools, J. C. Ellis, has refused to issue said permit; that it is the ministerial duty of the Superintendent to carry out the instructions of the School Board and for that purpose a mandamus is necessary and a mandamus is also necessary to order the School Board to compel the Superintendent to execute its orders.

The defendant, Ellis, pleaded that the court was without jurisdiction. This exception was not pressed in argument, but must be considered, as want of jurisdic-

tion must be noticed ex officio, and a judgment rendered by a court without jurisdiction, ratione materiæ, is null. 2 La. Dig. 425, S. 12. But the court had jurisdiction. Sec. 35, p. 48 of the Constitution grants District Courts, throughout the State, the Parish of Orleans excepted, "original jurisdiction in all Civil matters regardless of the amount in dispute * * * and in all cases where * * * Civil or political rights are involved, and in all cases where no specific amount is in contest". Sec. 6, p. 2—Scott vs. President of the Police Jury, 46 La. Ann. 278, 14 South. 521; Sentell vs. Police Jury, 48 La. Ann. 96, 18 South. 910; Mouton State ex rel. vs. Judge, 49 La. Ann. 1535, 22 South. 761.

The other exceptions have not been pressed, except that of no cause of action which will be considered on the merits.

For answer Ellis denied that the Board of School Directors had any voice in the matter of the issuance of the permits demanded by relator; that relator attended the Public Schools in Kenner for several years and was regularly promoted from the seventh to the eighth grade where he became a pupil; that he refused to issue the permit for the reason that the School at Kenner, which relator's son attended, was an adequate school of suitable grade and because he was authorized to issue said permits where such conditions did not exist; that the Board of School Directors passed a resolution granting said permit, but that the law did not vest in said Board any power to issue said permits or to order such permit to issue; that under the law the Superintendent is vested with exclusive power to issue said permit.

There was judgment for relator against both defendants and J. C. Ellis the superintendent, alone has appealed.

In a well-considered written opinion the District Judge came to the conclusion that the School Board had authority to review the action of the School Superintendent in refusing to grant the permit, and if, in their judgment, the action of the Superintendent was error, that they could order him to issue the permit.

We cannot agree with him.

The law on the subject is contained in Act 100 of 1922, p. 204:

Sec. 17 creates a Parish School Board for each Parish, and makes it a body corporate; the subsequent sections provide for the election, and qualifications of the members of the Board, and define their duties and rights. Nowhere is any mention made of the right of the Board to issue permits, or to order permits to be issued, such as are demanded in these proceedings.

Section 19 provides that: "Each board shall elect or appoint a Parish Superintendent of Schools, having such qualifications as may be fixed by the State Board of Education for a period of four years." Sec. 43 and others following prescribe the duties of the Parish Superintendent which appear to be quite numerous and different from the duties of the School Board; and section 47 creates him Secretary of the Board and section 51, its Treasurer, and defines his duties as such. Section 48 provides that if any teacher becomes incompetent, the superintendent shall report the fact to the Board for such action as the case might warrant. Section 54 authorizes the principal of a school to suspend a pupil subject to the appeal of the Parish Superintendent whose decision shall be final.

Section 59 applicable to the present controversy reads as follows:

"Children for whom adequate schools of suitable grade have not been provided in their home parish may attend schools in an adjoining parish. In such cases permits shall be secured from the Parish Superintendent of the children's home parish, and after they have been approved by the Parish Superintendent of the Parish in

which the schools that the children desire to attend are located they shall be presented to the principals of the schools which the children wish to attend, who shall be required to admit the children and provide for their instruction the same as if they were residents of the Parish."

. The same provisions are repeated in the next paragraph relative to children living beyond the limits of a city which supports and operates public schools separate and apart from the system of schools under the jurisdiction of the Parish School Board.

It will thus be seen that the Parish School Board and the Superintendent of the Public Schools are treated as separate and different persons and are vested with different rights and subjected to different duties and obligations separate and distinct. The functions of each are clearly defined. It is not for us to inquire into the reasons for that difference. But without going far it might be that the Legislature was of the opinion that the Superintendent, on account of the qualifications required of him by Sec. 19 of the Act, was better able to decide whether "adequate schools of suitable grade" had been provided, than the members of the School Board whose only qualifications for the office were under Sec. 17, to be able to read and write and assessed for not less than $500".

When the law prescribes that "permits shall be secured from the Parish Superintendent" we cannot substitute in his place the Board of School Directors.

The law evidently confers upon the Superintendent the discretion to decide upon the presence of "adequate schools of suitable grade". When the law authorizes an officer to do or not to do a certain act which in his judgment should be done or not done, the court cannot substitute its own judgment to that of the officer and take his place, unless the action of the officer is manifestly illegal or arbitrary. That question was ventilated by this Court in the recent case of State ex rel.

vs.          Ray.

There is no evidence in this case that the action of the Superintendent was arbitrary or illegal. The evidence is that relator's son had passed the elementary course of studies, or the seventh grade, and that he was entitled to enter a high school or one teaching the eighth grade.

The evidence is that there was in the City of Kenner a high school, or a school of the eighth, ninth, tenth and eleventh grades, and that relator's son had actually entered the eighth grade thereof, but had discontinued his attendance because he found fault with the teachers and with the administration of the school.

There were 16 pupils in the eighth grade, 9 in the ninth, 3 in the tenth, and 5 in the eleventh grade. This testimony showed that there were "adequate schools of suitable grade" to meet relator's demands.

But relator's petition disclosed no cause of action. He did not solicit the "permit" for the want of "adequate schools of suitable grade", which was the only reason recognized by the law to permit him to enter the school of an adjoining parish.

He alleged that it was on account "of the advance studies and desiring to complete the education of his said child". This was not a reason for the permit. It is evident that he wanted the permit because he preferred the Warren Easton School to the Kenner School, and that the law will not permit.

It is therefore ordered that the judgment herein against J. C. Ellis, Superintendent of the Parish Public School be reversed and set aside and that relator's petition as against him be dismissed at relator's cost in both courts.