J. Minos SIMON

v.

LAFAYETTE PARISH POLICE
JURY et al.

Civ. A. No. 9100.

United States District Court
W. D. Louisiana,
Lafayette Division.

Jan. 14, 1964.

Simon & Trice, J. Minos Simon, Lafayette, La., for plaintiff.

Bertrand DeBlanc, Dist. Atty., Fifteenth Judicial District Court, Lafayette, La., for "Police Jury and Members Thereof".

Jack P. F. Gremillion and George M. Ponder, Baton Rouge, La., and William P. Schuler, Arabi, La., for all defendants.

PUTNAM, District Judge.

By this suit plaintiff seeks to bring about a redistricting of the wards contained within the geographical boundaries of the parish of Lafayette, Louisiana, to correct what is alleged to be an invidious discrimination against the electors residing within the Third Ward, wherein complainant resides, because of grossly unequal voting power resulting from population changes within the parish which have occurred during the past twenty years. Members of the Police Jury, which is the parish governing au-

thority, are elected from these wards. Plaintiff contends that Ward Three, with 65% of the population of the parish, has only 5 members, while the remaining nine wards having a combined population of only 35% of the parish total elect the majority of 9 of the fourteen members.

The parties agree that LSA–R. S. 33:1222 [1] and 33:1224 [2] state statutes providing the formula for the number of jurors and conferring authority upon the Police Jury to district the parish into not less than five nor more than twelve police jury wards, are not unconstitutional. Plaintiff's position is that the present defendants (all members of the Police Jury, sued individually),[3] in maintaining and continuing the existing system,[4] are violating the civil rights guaranteed to him under the Equal Protection clause of the 14th Amendment to the Constitution of the United States. Suit is under the Civil Rights Acts, 28 U.S.C.A. § 1343(4), 42 U.S.C.A. § 1983; U.S.C.A.Const.

Amend. 14, there being no necessity for a three-judge court.

We now consider various motions pending before the Court. We emphasize that we do not pass upon the merits of plaintiff's claim at this time.

Discussing motions by plaintiff for summary judgment and by defendants to dismiss for lack of jurisdiction and for failure to state a claim together, we conclude that all must fall. We clearly have jurisdiction under 28 U.S.C.A. § 1343(4) and 42 U.S.C.A. § 1983; U.S.C.A.Const. Amend. 14.

The Police Jury being a political subdivision of the State, and a creature of the legislature,[5] the acts of its members in their official capacities constitute State action.

Complainant, having alleged actions by these defendants under color of state law resulting in a deprivation of his rights to equal protection of the

1. "§ 1222. Additional police jurors in parishes having 50,000 or more inhabitants

"In parishes having a population of fifty thousand or more, for each parish ward, there shall be elected, in the manner provided by law, in addition to the police juror to which the ward is entitled, one additional police juror for each ten thousand inhabitants which the ward contains, said apportionment to be based upon the last preceding United States census; also one additional police juror for each additional ten thousand inhabitants, or part thereof in excess of seven thousand five hundred, to be selected from the resident voters of the ward."

2. "§ 1224. Police jury may redistrict parish into wards; appointment of temporary officers

"The police jury of each parish may redistrict their parish into not less than five nor more than twelve police jury wards, as the convenience of the people may require, and shall at the same time district these police jury wards into one or more justice of the peace and election wards, as they think proper, and shall designate said wards numerically and in consecutive order. No police jury shall redistrict their parish as herein provided except by a two-thirds vote of the police jury, recorded by yeas and nays. Whenever any police jury redistricts their parish and creates more than the number of wards

such parish presently contains, the police jurors, justices of the peace and constables of the additionally created wards shall be appointed therefor by the governor, by and with the advice and consent of the senate, to serve until the next general state election."

3. The Police Jury is itself a body politic, capable of standing in judgment. La. Const. of 1921, Art. 14, § 1, LSA; Saint v. Allen, 169 La. 1046, 126 So. 548 (1930); White Hall Agricultural Co. v. Police Jury of Concordia Parish, 127 La. 1022, 54 So. 337, (1911); Meyers v. Parish of Plaquemines, 11 So.2d 291 (La.App. 1942). Their rights, powers and duties, limited in scope, exist only to the extent delegated by positive legislation. State ex rel. Porterie v. Smith, 182 La. 662, 162 So. 413 (1935). The Police Jury as a corporate entity was dismissed from the suit by plaintiff on Dec. 6, 1962 and is no longer a party defendant. This being true, the only remaining suit is against the members individually.

4. Plaintiff's petition alleges voting inequality in ratios ranging from 2.1 to one up to 10.07 to one as between Ward 3 and Wards 1, 2, 4, 5, 6, 7, 8, 9 and 10, and that defendants illegally refuse to redistrict the wards as provided in LSA–R.S. 33:1224, supra, note 2.

5. State v. Smith, supra, n. 3.

laws, guaranteed to him by the 14th Amendment to the Constitution of the United States, has standing to sue for the vindication of such rights, Baker v. Carr, supra, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, and is entitled to a hearing on the merits of his claim unless it appears that under no view of the pleadings could he prevail.

 The motion for summary judgment filed by plaintiff is, under the same authorities cited above, foredoomed to failure. Any number of reasons for the present system of ward districts in Lafayette Parish present themselves to mind immediately.[6] We do not here enumerate them, but will leave the final decision of whether or not there is a rational basis or other justification for the continuation of the system's existence for the merits, after all parties have had an opportunity to present their proofs. The rationality or reasonableness of the system and the existence of a political remedy, will provide two of the most conclusive factors in this case. Baker v. Carr, supra; Tedesco v. Board of Supervisors, 43 So.2d 514 (La.App. 1949), appeal dismissed 339 U.S. 940, 70 S.Ct. 797, 94 L.Ed. 1357.

Defendants' motion to strike the supplemental complaint filed by petitioner on October 13, 1962, is good and the claim presented thereby will be stricken and erased from this suit.

 In their brief, the defendants ask this Court to invoke the doctrine of abstention. No alternative procedure in State Court is suggested, however, although we find no decisions of the Courts of Louisiana interpreting LSA–R.S. 33:-1222 or 33:1224 and defining the duties and authority of the individual defendants before the Court here under these state statutes. While this Court has no desire to become the organ for providing an original judicial interpretation of statutes in an area of State government, we would not be justified in applying the abstention doctrine unless proceedings are instituted to obtain an authoritative state court decision on the issues presented by this complaint within a reasonable time, and an assurance that same would be prosecuted with diligence.

As pointed out above, the Lafayette Parish Police Jury has been dismissed from the suit as a party defendant on plaintiff's own motion. As a result, what may be a serious question as to the possibility of granting any relief at all to complainant arises. The litigants have not raised the issue of whether or not the Police Jury itself is an indispensable party defendant. 28 U.S.C.A. Federal Rules of Civil Procedure, Rule 19(a); see also Federal Practice and Procedure, Barron & Holtzoff, Vol. 2 p. 84 et seq., §§ 511, 512, 514; Moore's Federal Practice, Vol. 3 p. 2145 et seq.

We consider this question to be of sufficient importance to warrant raising the issue sua sponte. In order to afford plaintiff and defendants the right to present argument, we make provision therefor in our Order hereinafter set forth.

## ORDER

It is ordered by the Court that motions by defendants to dismiss for want of jurisdiction and for failure to state a claim, and by plaintiff for summary judgment be and the same are hereby denied.

It is further ordered that plaintiff and defendants file written briefs herein within thirty days of this date on the question of whether or not the political corporation and body politic known as the Lafayette Parish Police Jury, is an in-

---

6. Some of these reasons include city-parish property taxation, drainage and road district problems and other matters affecting "the convenience of the people", which may or may not be present, which may be shown in defense on the merits. In addition, we take judicial notice of the fact that one additional police juror for Ward Three is to be added by election on March 3, 1964. The democratic nominee for this office was elected on January 11, 1964. At the time this suit was filed the parish had the maximum number of police jurors permitted by the cited state statutes for Ward Three.

304

dispensable party to the further prosecution of this suit.

It is further ordered that defendants file their answers herein within forty-five days of this date.