BARNETTE, Judge.
Defendants in the orginal action brought this suit to nullify a judgment rendered by default on June 19, 1963. They have attacked the judgment rendered against them on the ground that it was an absolute nullity for want of legal citation. On hearing, the trial court held in their favor and nullified the judgment. The plaintiff has appealed.
The suit by Nationwide Acceptance Corporation against Virgil M. Alexis, Jr., and Mrs. Gayle Alexis was filed on March 25, 1963. The constable’s return evidencing service of process in that case reads as follows:
“Received on Mar 25, 1963 and on Mar 26, 1963 I served a true copy of the within citation and accompanying petition on Virgil M. Alexis Jr. defendant herein serving same at his domicile 1806 Spain Street in the hands of Virgil M. Alexis III Son person of SUITABLE AGE AND DISCRETION RESIDING therein as a member of his domiciliary Establishment. Defendant being absent at time of said service. All these facts I learned by interrogating said person.
[Signed] M. H. Levy
Deputy Constable.”
Two days after this alleged service was made, the defendants discovered the suit papers on top of their television set. They took the papers to an attorney, who in turn contacted the plaintiff’s attorney to request additional time to file a responsive pleading. Nothing more was done by this attorney, and the plaintiff proceeded to obtain a judgment by default. The defendants had paid $1,130 toward the execution of that judgment when this suit was instituted to annul the judgment.
The sheriff’s return shows that a copy of the citation and accompanying petition were served at the domicile of the defendants by placing it in the hands of one of defendants’ children, Virgil M. Alexis, III. The evidence adduced at the trial shows *23 that this child was approximately years old at the time of this service of process. Whether this was a sufficient service of citation hinges upon one issue, to wit whether a S-year-old child is a person of suitable age and discretion under LSA-C.C.P. art. 1234, which provides':
“Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment.”
We are of the opinion that the lower court was correct in holding the service improper. A child under 6 years of age could hardly be considered a person of suitable age and discretion for such an important procedural aspect as this. Before the adoption of the Code of Civil Procedure in 1960, the minimum age of a party upon whom process could be served was 16 years. (Louisiana Code of Practice Article 186.1(9).) Surely it was not the intention of the redactors, by the wording of LSA-C.C.P. art. 1234, to make possible the service of process upon a 5-year-old child. Therefore, the defendants were not served with process as required by law.
Marion Levy, the deputy constable who made the return, was deceased at the time of the trial. Clyde Bel, the constable, testified that it was not the policy of his office to serve children under the age of 12 years, and that service on anyone younger than 12 years would be a violation of his official instructions to his deputies as to service. Nevertheless, the official returns of service of process by public officers are presumed correct, and the burden of proof rests upon those who attack the returns of services to establish their incorrectness. Guedry Finance Co. v. Breland, 192 So.2d 884 (La.App. 4th Cir. 1966). The plaintiff failed to show any mistake in the facts as reported on the face of the return, and therefore the return must be accepted as written.
Plaintiff also contends that even if the service of process was not proper, the defendants still obtained knowledge of the suit within time to answer the petition. Plaintiff is wrong on this line of argument. The rule of law is well established that proper citation is the foundation of the action and that it is fundamental that no valid judgment can be rendered in any case unless the defendant has been informed of the suit against him by citation in strict compliance with the law. LSA-C.C.P. art. 2002; Richardson v. Trustees’ Loan & Guaranty Co., 15 La.App. 645, 132 So. 387 (La.App. Orleans 1931). Knowledge of the existence of an action on the part of the defendant, no matter how clearly brought home to him, cannot supply the want of a citation. White Hall Agr. Co. v. Police Jury, 127 La. 1022, 54 So. 337 (1911); Bertoulin v. Bourgoin, 19 La.Ann. 360 (1867); Caldwell v. Glenn, 6 Rob. 9 (1843); Wall v. Wilson, 2 La. 169 (1831).
LSA-C.C.P. art. 2002 states as follows:
“A final judgment shall be annulled if it is rendered:

(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or

Therefore, we must conclude, as did the trial judge, that the final judgment rendered in Nationwide Acceptance Company v. Virgil M. Alexis, Jr., and Mrs. Gayle Alexis should be annulled. The judgment of February 8, 1966, in favor of the defendants is affirmed. Plaintiff is taxed for the costs of this appeal.
Affirmed.