No. 1271.

HOWARD HOFFPAUIR, PRESIDENT OF AND REPRESENTING THE POLICE JURY OF VERMILION PARISH VS. SOLOMON WISE.

The Supreme Court will notice *ex proprio motu* radical defects of pleadings in consequence; of which no final judgment could be rendered in the premises.

Police juries like all other corporations created under the laws of Louisiana are artificia beings or persons who can act only in the mode prescribed by the law creating them. The president cannot stand in judgment for the police jury, without special authorization. Affirming Police Jury of Ouachita vs. Mayor and Council of Monroe, 38 Ann.

APPEAL from the Third Ward Justice's Court, Parish of Vermilion. *Labauve, J.*

*W. W. Edwards* for Plaintiff and Appellant:

Police Jury vs. Wise.

1. The title to Act No. 84 of the Acts of 1878, is sufficient to sustain all the provisions of the act, either under the Constitution of 1868 or 1879. State vs. Bott, 31 Ann. 663; 37 Ann. 191; Cooley on Const Lim. pp. 144 (marg.) and 145; Blumenthal vs. Huerter, Western Rep. vol. 1, p. 634 (Sup. Ct. of Ill.); Slack vs Ray, 26 Ann. 675; Police Juiy vs. Colomb, 20 Ann. 198; New Orleans vs. R R. Co., 27 Ann. 415; State vs. Henry, 15 Ann. 297; Art. 86. Const. 1879; State vs. Natal, No. 9582, 38 Ann. —, (not yet reported.(

2. If a portion of said Act No. 84 is unconstitutional and void, enough remains which is valid, and must be held good. See Cooley on Const. Lim. pp. 178 (marg.) and 180; 14 Ann. 7; 33 Ann. 783; 35 Ann. 1141.

3. The Court will never hold a law to be unconstitutional, unless it is clearly so. 20 Ann. 587, 198.

4. The prohibitions of the ordinance of the police jury sued on can be enforced without the aid of the latter portion of Sec. 1, Act 84. See R. S. 1870, sec. 2743.

5. The Legislature can delegate to municipal corporations certain legislative power to regulate police, sanitary and tax matters, such as in the present instance are conferred on police juries by said Act No. 84. Cooley on Const. Lim. pp. (marg.) 118 and 211; Dillon Munic. Corp. sec. 308; Minden vs. Silverstein, 36 Ann. 912; 35 Ann. 1010.

6. Act 84 of 1878, and the ordinance thereunder, are not local, nor a "regulation of trade." State vs. Dalon, 35 Ann. 1141; Cooley, p. 588 (marg.).

7. The charter of Abbeville, as to section 6, was repealed by implication, clearly so far as the present suit is concerned, by the thiid section of said Act 84 of 1878. See sec. 3, Act 84, and also sec. 2, 20 Ann. 140.

### *P. P. O'Bryan* and *R. S. Perry* for Defendant and Appellee:

Act 84 of 1878 is unconstitutional, because the object of the provision declaring violations of ordinances of the police juries shall be treated as misdemeanors, and prosecuted on information or indictment, is not mentioned in its title. 33 Ann. 981.

It is unconstitutional, because that clause being vital to it, and unconstitutional, the balance of the act falls with it, and because of that unconstitutionality. Sedgwick on Construction, p. 413, note (a).

Police jury ordinances passed pursuant to Act 84 are for that reason void.

Police juries can exercise no power not delegated to them. Dillon's Municipal Corporations, §§ 89, 141.

The power of regulating the sale of iotoxicating liquors is restricted to the General Assembly by Constitution of 1879, Art. 170. An act of the Assembly delegating the power is not an act of regulation, but is an abandonment of the power to regulate to another.

The intention of Article 170 was that the Assembly might pass a general law, and to preclude all local laws.

There is no act of the Assembly which purports to delegate such power to the police juries, except Act 84 of 1878, and Revised Statutes 2743, which acts are unconstitutional. The section of R. S. refers to liquors solely.

Any such acts, if in existence, are unconstitutional, because in conflict with Article 46 of the State Constitution, which restricts the power to regulate trade, whether in exercise of the police or any other power, to the General Assembly, and excludes it from delegating the power.

Local laws of the General Assembly, or of the local authoritins, are unequal and unjust in their operation, and are in conflict with the laws of the land and the Constitution of the State. 33 Ann. 985.

By special Act 103 of 1850, the police jury of Vermilion is excluded from exercising any jurisdiction within the corporate limits of the town of Abbeville, and its ordinances are ineffective there. The act has not been repealed.

All ordinances of police juries not authorized by a legal delegation of power, are illegal and null.

45

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff, claiming to represent the police jury of Vermilion parish, brought this suit for the enforcement of an ordinance of the police jury prohibiting the sale of goods and merchandise on Sundays within the limits of that parish; and he prosecutes this appeal from a judgment declaring the ordinance sued upon to be null and void, and rejecting his demand.

The record discloses a fatal error in the pleadings which we are compelled to notice *ex proprio motu.*

In his petition plaintiff alleges that he herein sues "in the name of the police jury of Vermilion parish, for the use and benefit of the parish of Vermilion," but he nowhere alleges that he was specially authorized to stand in judgment for the police jury, and naturally he made no attempt to introduce any proof of such authority.

The ordinance sought to be enforced is in the record and contains the following significant clause:

*"Resolved, further,* That it shall be the duty of the district attorney to institute and prosecute suits for the recovery of all fines that may be incurred by parties violating the provisions of this ordinance, and to turn over to the parish treasurer the balance of all fines collected thereunder, after deducting fifteen dollars as a compensation for his services in each case."

It thus appears that, far from conferring on the president the authority to represent the parish in such suits, the police jury expressly, and in terms not to be mistaken, delegated that power to another and entirely distinct officer, who is entrusted with the additional power to receive all amounts which he may recover by suit, and to turn over the balance, after deduction of his compensation, to the treasurer.

It therefore follows that the receipt of no other officer would be satisfactory in law, and that no other officer could institute or prosecute such a suit in his own name for the use of the parish.

In the recent case of the Police Jury of the Parish of Ouachita vs. Mayor and City Council of Monroe, 38 Ann. —, (not yet reported,) we had occasion to consider a similar question, and we held in that case that, although the president had alleged a special authority from the corporation for the institution of the suit, his action could not be maintained in default of proof of the pretended authorization.

Under the guidance of the laws governing corporations and prescribing the mode in which they must act and operate, and under the authority of numerous adjudications of this and of other courts of last

resort, we therein laid down the following rule, which is decisive of the point now under discussion :

" Police juries, like all other corporations created under the laws of Louisiana, are artificial beings or persons who can act only in the mode prescribed by the law creating them. No officer of a police jury can legally bind, or stand in judgment for, the corporation without special authorization."

We repéat here, as we said there, that no law of this State confers on the president of a police jury the power or authority to stand in judgment for the corporation, or to legally bind it in any contract or proceeding, in the absence of a special authorization. In this feature of their corporate powers, police juries do not differ from other municipal or private corporations. Bright vs. Metairie Cemetery Association, 33 Ann. 58.

We therefore conclude that the police jury of the parish of Vermilion is not a party to this suit, and that a judgment in favor of the defendant would not and could not legally bind that corporation; and that all proceedings herein are nullities, including the appeal bond which was executed by the plaintiff in his alleged representative capacity.

The legal result of these considerations is the dismissal of plaintiff's action as in case of non-suit, and the judgment appealed from must therefore be amended so as to conform to those views.

It is therefore ordered that the judgment of the court *a qua* be amended in so far as it absolutely rejects plaintiff's demand; that said demand be rejected and the action dismissed as in case of non-suit, at the costs of plaintiff in the lower court, and at defendant's costs on appeal.