No. 11,426.

LACAZE & REINE VS. THEIR CREDITORS.

46  237
e113 738

46  237
123  162

An exception that the petition of a corporation does not show that suit was authorized, will be overruled if the affidavit accompanying the petition discloses the name of the *vice* president of the company, and affirms the truth of its allegations, the necessary inference therefrom being that the suit was apparently authorized.

APPEAL from the Twenty-first District Court, Parish of St. John the Baptist. *Rost, J.*

*J. L. Gaudet* for Plaintiffs and Appellees.

. *Prentice E. Edrington, Wm. C. Dufour, Horace L. Dufour* for Opponent and Appellant:

1. No affidavit is necessary for the arrest of a fraudulent debtor under our insolvent laws; it is mere surplusage, and hence no defect in it can affect the validity of the proceedings. R. S. 1805; 18 La. 475; 11 An. 557.

2. In a suit by a corporation the use of its corporate name is sufficient, without naming any of its officers; authority to sue is matter of proof when called for, and not of pleading. Act 36 of 1888; R. S. 684; C. P. 112; C. C. 432; 33 An. 946; 2 An. 1017.

The opinion of the court was delivered by WATKINS, J. The question for decision is raised upon an exception that was urged in favor of the insolvents and sustained—the opponent appealing from the judgment dismissing their opposition.

· The commercial firm of Lacaze & Reine, and the individual members thereof, made a cession of their property, under the insolvent law of the State, and caused a meeting of their creditors to be convoked.

Subsequent to the convocation of the creditors, the Joseph Bowling Company, Limited, filed an opposition to the discharge of the insolvents, charging fraud and praying for their arrest. To this opposition the counsel for the insolvents tendered the following exception, to-wit:

" That the allegations of said petition and of the affidavit thereto attached fail to show that B. W. Bowling, styling himself the vice president of said company, is authorized to sign said affidavit or to appear in any judicial proceedings, and bind the said company in the present proceedings."

This exception was sustained and the opposition dismissed, and the opponent company, limited, has appealed.

### I.

No affidavit is contemplated as accompanying an opposition to the discharge of an insolvent debtor—the law simply providing that " should any creditor of an insolvent debtor deem it necessary to * * * charge fraud against the debtor, he shall, within ten days next following the meeting of creditors, lay before the court his written opposition, stating specially the several facts of * * * fraud alleged against the insolvent debtor," without any further formality. R. S., Sec. 1802.

Consequently, we need not examine the sufficiency of the affidavit of the opponent, but confine ourselves to the allegations of the petition and affidavit in determining the merits of the exception.

### II.

The question is whether the petition discloses that the opponent company, limited, is represented by a person authorized to institute the suit or opposition, and is capacitated to stand in judgment therein and bind the company in the instant proceedings.

The following is the opening paragraph, viz. :

" The petition of Joseph Bowling & Co., Limited, a corporation domiciled and doing business in the parish of Orleans, State aforesaid, with respect represents, that it is a creditor of the insolvents herein," etc., charging fraud; and the concluding paragraph is that, the premises considered " your petitioner prays," etc.

The company uses its own name and does not appear in and through its president, *vice* president, or any other person or officer for the purpose of bringing the suit. It is the accompanying affidavit alone that employs the name of B. W. Bowling, *vice* president. This was quite necessary, for the reason that the *corporation* could not make the affidavit, though it was perfectly competent for it to sue in its corporate name. The law declares that " corporations shall have

power and authority" amongst other things to "sue and be sued in their corporate name." R. S., Sec. 684.

It further declares that corporations must have a name given to them and that "it is in that name they must sue or be sued, and do all their legal acts." R. C. C. 432.

But these provisions only go to the *power, authority* and *capacity* of corporations. We must look into the Code of Practice to find the manner in which corporations must *enter* courts of justice in the assertion of their rights; and examining its provisions—Art. 112—we find that "bodies corporate and chartered institutions act judicially *through their proper representatives under the name or title given to them in the act of incorporation.*"

Not only must a corporation sue "under the name or title given to it in the act of incorporation," but corporations can *only* act judicially through "their proper representatives."

The case of Insurance Oil Tank Company vs. Scott, 33 An. 946, was one to restrain the defendant from infringing its trade mark, and the defendant tendered the exception that the plaintiff corporation did not appear through its proper officer as required by law. Of this exception the court said:

"The petition was in the name of the corporation without the designation of any officer. The exception was cumulated with the merits, and, on trial, it was proved that the action had been brought by the president with the approval of the board of directors. *This cures the defect.*"

The theory of that decision is, that plaintiff's failure to state, in its petition, the name of the proper representatives through whose instrumentality the suit is brought, was a defect, but that the defect had been remedied by the cumulation of the exception with the merits, and proof having been administered, on the trial of the merits, that suit had been brought with the authorization of the board of directors.

There can be no doubt of the correctness of that ruling, as the exception was tried with the merits, and the objection fully met by evidence that the suit was duly authorized.

In this case the exception is directed against the petition and accompanying affidavit; and, notwithstanding, it was unnecessary for the purposes of the opposition, yet it may be properly considered for the purpose of determining the sufficiency of the averments of

the petition; and thus, considering the petition and affidavit, it is evident that the suit was apparently authorized, the vice president of the corporation having made same, affirming the truth and correctness of the allegations of the petition.

We can not doubt that the suit was authorized, nor that B. W. Bowling, *vice* president of the corporation, represented the corporation in instituting the suit; that is to say in making the opposition.

The exception was improperly sustained, and the judgment appealed from must be reversed.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the exception be overruled, and the opposition reinstated, and the cause remanded to the court *a qua* for trial according to law; costs of appeal to be taxed against the appellee, and those of the lower court to await final judgment thereon.