(56 South. 660.)

No. 18,640.

PARDEE CO. v. H. ALFREY HEADING CO. et al.

(Nov. 27, 1911.)

*(Syllabus by the Court.)*

1. CORPORATION SUED THROUGH ITS PRESIDENT.

    Without the corporation's authority, its president brought suit.

2. EXCEPTION OVERRULED.

    There were three defendants—one filed exception of want of citation; it was overruled.

3. OTHER EXCEPTIONS BY DEFENDANTS.

    The other defendants filed exceptions of want of authorization in corporation to bring suit, and want of authority in the president.

    The three suits were dismissed, although the Heading Company had not filed an exception.

4. CORPORATIONS (§§ 432, 524*)—APPEAL—ACTION BY CORPORATION—AUTHORITY TO SUE—EXCEPTIONS—ANSWER ON APPEAL.

    On appeal, appellee erroneously alleged that the district court overruled the exception because the corporation had no authority, while the reason appellees urge should have been "because the president was not authorized."

    The court decided that there was want of authority on the part of the president. There is error in assuming otherwise.

    The suit as to the defendants Spivey and Coffey was properly dismissed.

    As to the other defendant, the Heading Company, it had filed no exception and the suit against it should have not been dismissed.

As to Spivey and Coffey, the judgment is affirmed.

    As to the Heading Company, the judgment is annulled.

    As between Spivey and Coffey, the costs of appeal to be paid by appellant. As between plaintiff and the Heading Company, the costs to be paid by the Heading Company.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1726–1737, 2131–2137; Dec. Dig. §§ 432, 524.*]

Appeal from Second Judicial District Court, Parish of Webster; R. C. Drew, Judge.

Action by the Pardee Company against the H. Alfrey Heading Company and others. From a judgment dismissing the suit, plaintiff appeals. Affirmed as to defendants Tom Spivey and another, and reversed and remanded as to the defendant corporation.

Roberts & Roberts and Hall, Monroe & Lemann, for appellant. Percy & Drew, for appellees.

BREAUX, C. J. Plaintiff and appellant has taken this appeal from a judgment of the district court dismissing its suit.

Plaintiff sued the defendants—Alfrey Heading Company and Tom Spivey and A. L. Coffey—for trespassing upon its land.

The petition shows that the plaintiff company is a foreign corporation acting through its president, Calvin Pardee.

The Alfrey Heading Company filed an exception to plaintiff's suit.

This exception was overruled.

Coffey and the other defendant, Spivey, appeared and excepted on the ground of want of authority in the president of the Pardee Company to institute the suit for the company.

Spivey also appeared and excepted on the ground of want of authority of the plaintiff president to bring the action.

The district court sustained the exceptions and dismissed the suit.

Plaintiff appeals.

The corporation sought to appear exclu-

sively through its president, Calvin Pardee.

An exception of want of authorization having been filed by Spivey and Coffey, the suit as to them was properly dismissed.

It devolved upon the president to allege and prove as to these defendants and appellees that he had special authorization from the board of directors to bring the suit.

He did not make that proof, and failed to allege that he was authorized to sue. Hoffpauir v. Wise, 38 La. Ann. 704; Rice Milling Co. v. Durocher, 123 La. 160, 48 South. 780.

The defendant's contention is—based upon his answer to the appeal in this court—that the judgment dismissing this suit as to Coffey and Spivey should be affirmed on the ground that the authority of the president to bring the suit is not shown, and not on want of authority of the corporation.

Defendants and appellees in their answer to the appeal assume that the court dismissed the suit because of want of authority of the corporation.

That is error.

The plaintiff is the president, and not the corporation, and the president's suit is dismissed, and no reference is made in the judgment to the corporation.

Now as to the corporation: The Pardee Company sued through its president: The court ordered:

"The exception of want of citation is overruled."

True the defendant the Alfrey Heading Company has taken no appeal, nor answered the appeal, but it is a party appellee.

The judgment dismissing plaintiff's suit against the Alfrey Heading Company cannot stand. To be explicit, the district court not only dismissed the suit against Spivey and Coffey, but it went further and dismissed the suit against the Heading Company, although exception of want of citation had been overruled, and no other exception nor answer had been filed thereafter. This dismissal was not contradictorily ordered between plaintiff and defendant the Heading Company.

For reasons stated, the judgment appealed from is affirmed as to Spivey and Coffey. It is ordered and decreed that it be annulled, avoided, and reversed as to the Alfrey Heading Company, and that as to the Alfrey Heading Company it be remanded for trial. Plaintiff to pay costs of appeal as between it and the appellees Spivey and Coffey. The defendant Heading & Co. is to pay costs of appeal as between it and the plaintiff.