(64 South. 127.)

No. 19,529.

LAYNE & BOWLER CO. v. TOWN OF WINNFIELD et al.

(June 30 and Oct. 20, 1913, and Jan. 14, 1914.)

*(Syllabus by the Court.)*

CORPORATIONS (§ 513*)—AUTHORITY OF PRESIDENT—RIGHT TO SUE.

The president of a corporation, as such, has no capacity to represent it in a lawsuit, and, where a corporation sues through its president, the petition should allege that he is specially authorized to bring the suit by resolution of the board of directors, or by the charter, or by-laws of the company.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2017–2027, 2031–2034, 2036–2045; Dec. Dig. § 513.*]

Appeal from Fifth Judicial District Court, Parish of Winn; W. M. Wallace, Judge.

Action by the Layne & Bowler Company against the Town of Winnfield and others. From a judgment dismissing the suit as to A. Wyckoff & Sons Company, and dissolving the injunction, plaintiff appeals. Judgment amended.

Julius T. Long, of Winnfield, for appellant. White & Thornton & Holloman, of Alexandria; and Grisham & Oglesby, of Winnfield, for appellees.

LAND, J. This is a sequel to the suit of A. Wyckoff & Sons Co. v. Town of Winnfield, reported in 130 La. 563† et seq. The plaintiff in that suit obtained a judgment against said town for $2,137.56, with interest and costs, and recognizing its lien and privilege on a certain sum of money on deposit in the Bank of Winnfield, representing the balance of a fund which had been voted and collected for the purpose of constructing a waterworks system in said town. The judgment enjoined the town from drawing, and the bank from paying, said sum to any other claimant.

The present suit was instituted in the name of Layne & Bowler Company, an alleged creditor of the town of Winnfield in the sum of $2,500 for digging a well connected with the water system of said town. The petition alleged that, for sundry reasons, the plaintiff should be paid by preference out of the same fund which was awarded to Wyckoff & Sons Company by judgment of the district court, which was affirmed by the Supreme Court, as above stated. Plaintiff further prayed that the town of Winnfield and the Bank of Winnfield be enjoined from paying out said fund, and for judgment against said town for the sum claimed, with lien and privilege over Wyckoff & Sons Company. The injunction issued as prayed for.

Wyckoff & Sons Company, one of the defendants, moved the court to dissolve the injunction on sundry grounds, with statutory damages.

The motion was tried and sustained, and judgment was rendered dismissing the suit as to Wyckoff & Sons Company, and dissolving the injunction in so far as it enjoined the payment or collection of the judgment in favor of said company, and reserving the

† 58 South. 338.

defendants' right to sue for attorney fees for dissolving the injunction. Plaintiff has appealed. The second ground of the motion to dissolve reads as follows:

"(2) Because the suit is brought in the name of a corporation through its president, without any allegation that said president has been duly authorized in the premises."

The first paragraph of the petition reads as follows:

"The petition of Layne & Bowler Company, a corporation organized under the laws of the state of Texas, and domiciled at Houston, Harris county, of said state of Texas, being fully authorized and empowered to do business in the state of Louisiana, herein represented by its president, Chas. Finley Smith, respectfully represents," etc.

Defendants contend that the petition does not allege that the president of the company was authorized to bring the suit, and cite a number of cases in support of that contention. In Jeannerette Rice & Milling Co. v. Durocher, 123 La. 160, 48 South. 780, it was alleged that the president was duly authorized in the premises. The defendants by exception challenged the alleged authorization, and, no special authorization from the board of directors having been proven, the suit was dismissed. The whole trend of the opinion in that case is to the effect that the president, *as such*, has no authority to sue in the name of the corporation. In Pardee Co. v. H. Alfrey Heading Co., 129 La. 749, 56 South. 660, it appears from the original record that the petition alleged as follows:

"The petition of the Pardee Company, a corporation organized under the laws of the state of New York, and having its domicile in New York City, New York, herein appearing and acting through its president, Calvin Pardee, with respect, shows."

An exception to the capacity of the president to sue was sustained. This court said:

"It devolved upon the president to allege and prove as to these defendants and appellees that he had special authorization from the board of directors to bring the suit. He did not make that proof, and failed to allege that he was authorized to sue. Moffpunir v. White, 38 La. Ann. 704; Rice Milling Co. v. Durocher, 123 La. 160, 48 South. 780."

The only case cited by counsel for plaintiff is New Orleans Terminal Co. v. Teller, 113 La. 733, 37 South. 624, 2 Ann. Cas. 127, where it was held that a corporation can sue in its own name, without any necessity of designating its president, or of any of its other officers in the petition. In such a case the corporation appears through counsel of its choice, whose authority is presumed. An appearance through its president, who prima facie is unauthorized, is another matter.

Plaintiff did not offer to amend the petition so as to allege authorization by the board of directors, or by the charter, or by-laws, of the corporation.

We shall amend the judgment so as to make it one of nonsuit.

It is therefore ordered that the judgment below be amended so as to dismiss the suit against Wyckoff & Sons Company as in case of nonsuit; plaintiff to pay costs in both courts.

(Oct. 20, 1913.)

PER CURIAM. Rehearing granted.

Rehearing restricted to question of right of defendant A. Wyckoff & Sons Company to recover statutory damages and attorney's fees.

(Jan. 14, 1914.)

NOTE.—Matters involved in this litigation, in so far as the rehearings were concerned, having been settled and compromised, on joint motion of counsel for the respective parties, the cause, in so far as the rehearings were concerned, is this day dismissed from the docket of the court.