(64 South. 832.)

No. 19,778.

WORLD'S PANAMA EXPOSITION CO. v. AMERICAN BREWING CO.

(March 16, 1914.)

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 398*)—ACTIONS OF INDIVIDUALS—BINDING EFFECT—STOCK SUBSCRIPTION.

In the matter of the subscription by a corporation to the capital stock of another corporation, the former cannot be bound by the individual actions, or promises, of its directors or stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1592–1594; Dec. Dig. § 398.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by the World's Panama Exposition Company against the American Brewing Company. From judgment for defendant, plaintiff appeals. Affirmed.

McCloskey & Benedict and John J. McCloskey, all of new Orleans, for appellant. Gustave Lemle, of New Orleans, for appellee.

LAND, J. Plaintiff, represented by its liquidating commissioners, sued the defendant for $3,000 on an alleged verbal subscription to the stock of the plaintiff company.

Defendant, for answer, denied the alleged subscription.

There was judgment in favor of the defendant, and the plaintiff has appealed.

It appears from the evidence that the following document, of date May, 1910, addressed to the stockholders, was signed by all the stockholders of the American Brewing Company, except two, to wit:

"It was proposed at a recent meeting of the World's Panama Exposition Company that the brewing companies of New Orleans and the agents representing outside brewing companies in this city contribute to the projected World's Panama Exposition, if it should be held in New Orleans, each a sum of money based upon the total sales of barreled beer in 1909. Under this plan the American Brewing Company will be called upon to pay the sum of $25,000. Your board of directors, in view of the magnitude of the amount involved, has resolved to submit the question to the shareholders to learn their pleasure as to it.

"It is the sense of the board that, unless three-fourths of the capital stock of the company is voted in favor of the project, the amount will not be subscribed."

At a regular meeting of the board of directors held on May 10, 1910, it appears from the minutes that the following proceedings were had:

"The president submitted for the board's consideration communication from the World's Panama Exposition, dated April 27, 1910, requesting a subscription to the Exposition.

"On motion of Mr. Koehn, the same was laid over for further consideration, and advice from our attorney, Mr. Gustave Lemle."

Mr. Lemle advised against any subscription by the defendant company unless all the stockholders consented thereto. An effort was made to procure such consent, but two of the stockholders dissented, and thereupon the matter was dropped. The resolution quoted supra was the only corporate action taken by the defendant company in the premises. There was no meeting of stockholders. The action of directors and stockholders individually cannot bind the corporation. Jeanerette Rice & Milling Co. v. Durocher, 123 La. 160, 48 South. 780, and authorities there cited. As a matter of fact, none of the stockholders signed subscription notes, or subscribed in any other manner.

Judgment affirmed.

BREAUX, C. J., takes no part herein, having an interest in the question.

PROVOSTY, J., absent on account of illness, takes no part.