————————o————————

## No. 6135.

## THE L. A. BLOUIN CO., LTD., vs. JULES PLAISANCE.

### Syllabus.

When a suit is instituted, prior to July 9th, 1914, in the name of a corporation, appearing through one of its officers, and

the authority of the officer to represent the corporation is denied he must prove that he had special authorization from the board of directors, or that such authority was conferred by the charter, or that his action was ratified by the board of directors.

In the absence of such authority the suit must be dismissed.

Appeal from the 28th Judicial District Court for the Parish of St. Charles, No. 492. Hon. P. E. Edrington, Judge.

L. Robert Rivarde, for plaintiff and appellee.

F A. Middleton, for defendant and appellant.

His Honor CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

The claim of plaintiff, filed January 8th, 1914, is thus presented:

"The petition of L. A. Blouin Company, Limited, a corporation herein represented by its duly authorized president, L. A. Blouin, with respect shows," etc.

Plaintiff further averred that during the years 1912 and 1913 it advanced Jules Plaisance supplies, etc., for the cultivation of the crop, and it prayed for a sequestration and for judgment.

To this petition is annexed the affidavit of Louis A. Blouin, who swears that he is the President of the L. A. Blouin Company, and "that all of the facts and allegations therein contained are true and correct."

The defendant moved to set aside the sequestration on the following grounds, among others, viz:

— 27 —

1. Because L. A. Blouin, pretending to represent the plaintiff company, was without authority to bring this suit.

The secretary of the company testifies that the board of directors of the plaintiff company never authorized Mr. L. A. Blouin by resolution to bring suit against Jules Plaisance. It is not contended that he was authorized in any other manner. But it is contended that he was authorized to do so by Article V of the Charter of the company. This article provides that:

"The president shall be the general manager of the affairs of the corporation, with authority to appoint" agents and employees, that he shall be ex-officio treasurer and the financial agent and manager of the corporation with full power to draw checks and contract such indebtedness as he may deem proper and to issue notes therefor, and generally to do and perform any and all things which may be for the best interests of the company.

But Article IV of this same charter provides that:

"All the corporate powers of this Corporation shall be vested in and exercised by a board of directors composed of three stockholders," etc.

Besides it has been repeatedly decided that when a suit is filed in the name of a corporation appearing through its officers, and the authority of the officer is denied he must prove "that he had special authorization from the board of directors to bring the suit."

129 La., 749; 123 La., 160; 38 A., 630; 33 A., 58; 34 A., 429.

The case of **Jeanerette Rice Mill vs. Durocher, 123 La., 160,** has much resemblance to this case. In that case the Court said:

— 28 —

"The evidence shows affirmatively that J. C. Ackers, as president of the corporation, was never authorized by the board of directors to bring this suit. * * * The charter of the corporation gave the president no authority to institute suits in the name of the company. * * * The board of directors in which all the corporate powers were vested by the charter, was the only representative of the corporation competent to authorize suits in its name. * * * When a suit is brought in the name of a corporation through its president special authorization from the board of directors must be proven. **Hoffpanir vs. Wise, 38 A., 704.** * * *

"In the **N. O. Terminal case, 113 La., 736,** it was held that whether a suit is brought in the name of the corporation, or in its name through a representative, the question is one of authority to bring the suit, a matter of substance and not of form. In the case at bar the charter after providing that the business affairs and corporate powers shall be transacted by a board of directors, declares that 'three members of said board, including the president, shall constitute a quorum for transaction and management of all business of said corporation.' * * * No powers were expressly delegated by the board to the president, and it has not been shown that the entire management of the business of the corporation was left in his hands."

In the case of **Police Jury vs. Mayor, 38 A., 630 (632)** the Supreme Court said:

"In his oral argument he (plaintiff's counsel) referred as proof of such authorization to the affidavit of plaintiff (president) in support of the injunction prayed for, but he could not have been serious in such contention. Police Juries act only by ordinances or resolutions, and no parol testimony would be admissible in proof of either."

In presence of the testimony that the president was not authorized by the board of directors to institute this suit, and failing to perceive any authority conferred upon him for that purpose by the charter, we feel constrained to follow the opinions of the Supreme Court in the case above quoted, and to hold that the L. A. Blouin Co., Ltd., was not properly brought into Court as plaintiff in this suit, and to dismiss the suit brought in its name.

Entertaining these views we cannot render any judgment for damages against said corporation as prayed for in defendant's motion to dissolve.

It is, therefore, ordered that the judgment of the District Court be reversed and that this suit be dismissed as in case of non suit, and the writ of sequestration dissolved, at the cost of Louis A. Blouin in both Courts.

Judgment reversed.

Opinion and decree, December 21st, 1914.