## No. ——

### First Circuit

---

## SUPREME GRAND LODGE OF THE SONS AND DAUGHTERS OF ISRAEL v. PRISCILLA GIVENS ET AL.

---

(December 6, 1927. Opinion and Decree.)
(February 5, 1928. Rehearing Refused.)
(February 13, 1928. Writs Refused by Supreme Court.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Associations—Par. 8.** In order for a fraternal association incorporated under Act No. 254 of 1914 to prosecute a suit, it is necessary that a majority, at least seven of the twelve incorporators, authorize the suit.

Appeal from the District Court, Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by Supreme Grand Lodge of the Sons and Daughters of Israel against Priscilla Givens et al.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellant.

Justin C. Daspit, of Baton Rouge, attorney for defendants, appellees.

ELLIOTT, J. This suit, brought in the name of the Supreme Grand Lodge of the Sons and Daughters of Israel, by C. N. Allen, against Joshua Scott, Priscilla Givens, Emma Clark and Carey Morris, has for its object, to prevent them from exercising or attempting to exercise, appropriating or attempting to appropriate, using or attempting to use the name, authority, charter rights or privileges of the Supreme Grand Lodge of the Sons and daughters of Israel, and to prevent them from withdrawing, or attempting to withdraw any of its moneys on deposit in the Union Bank & Trust Company of Baton Rouge, or any other depository bank.

Plaintiff alleges that carrying out the fraternal and benevolent purposes for which plaintiff was organized, a constitution and by-laws were duly adopted, and it has been constantly engaged, since its organization in promoting the progress and advancement of the order, through the organization of subordinate lodges and otherwise. That said defendants, acting in the name of the Supreme Grand Lodge of the Sons and Daughters of Israel, have attempted to organize and are attempting to operate in conjunction with such parties as they can rally to their cause, a subordinate lodge, under the authority of the Supreme Grand Lodge of the Sons and

Daughters of Israel, without its sanction and in violation of its charter rights.

That under the constitution and by-laws of plaintiff, after the election of officers, it is necessary in order to complete the organization of said subordinate lodge, to obtain a charter from plaintiff, and for its officers to be installed by plaintiff's supreme grand deputy, acting under the direction and supervision of C. N. Allen, its supreme grand shepherd.

That, instead of complying with these requirements, said defendants on the third Tuesday of February, 1927, initiated and led a revolt against plaintiff, by assuming to be an independent fraternal entity, vested with all the authority of a Supreme Grand Lodge, and refused to obtain a charter from plaintiff or to permit the due and necessary installation of their officers. That, in consequence thereof, the organization of said subordinate lodge was not completed and no authority to exist or function as such ever vested, despite which the said defendants and their assistants, acting individually and jointly, have attempted and are now attempting to function as a fraternal organization in the name of the Supreme Grand Lodge of the Sons and Daughters of Israel, in virtue whereof, they have without right appropriated plaintiff's property and its charter rights and privileges, all in such manner as to cause plaintiff inestimable damage and harm.

That each succeeding month, since the time of said revolt, to the present time, said defendants, acting as alleged, have been holding public and private fraternal meetings at various places in the city of Baton Rouge in the name of the Supreme Grand Lodge of the Sons and Daughters of Israel, attended by such persons whose interest and support they have been able to secure, and at which meetings and at other times and places they have appropriated and arrogated to themselves all the rights and authority of plaintiff, and have purported to function by virtue of its charter rights and privileges.

That on March 18th, 1927, the officers of plaintiff called and held a special meeting to which all of its members were notified to attend, and a resolution was adopted at said meeting, condemning the activities of the defendants and authorizing the institution of these proceedings and such oher steps as might be necessary to fully protect plaintiff's interest in the matter.

That a second resolution was at the time adopted condemning the action of Emma Clark for co-operating and conniving with the other defendants in the manner and for the purposes herein alleged, and in refusing to co-operate with plaintiff and discharge the duties of her office of supreme grand treasurer, and in view thereof, suspending her from membership in plaintiff organization, and nominating, electing and appointing O. D. Allen, with the full approval of the supreme grand shepherd in her place pending the regular election of officers as provided in plaintiff's charter.

That a third resolution was adopted at said meeting condemning the action of the other defendants, Joshua Scott, Carey Morris and Priscilla Givens, and in view thereof suspending them from membership in plaintiff organization.

That thereafter on March 23rd, 1927, said defendants, without pretense of right or authority, held a meeting, in which purporting to function as a Supreme Grand Lodge under plaintiff's charter, they attempted to expel or impeach C. N. Allen as supreme grand shepherd.

Defendants appeared and filed exceptions of misjoinder, non-joinder and lack of parties in interest, necessary to a final judgment, and no cause of action. These exceptions being overruled, they filed an answer.

In their answer they deny all the acts or wrongdoing alleged against them, and allege on their part that all their acts and proceedings were regular and legal. They charge C. N. Allen with attempting to unlawfully obtain money in plaintiff's name for his own private use, by charging for a charter and the installation of officers.

They denied that any constitution or by-laws for plaintiff had ever been adopted; denied that a quorum of plaintiff's membership was present at the meeting alleged in the petition to have been held on March 18th, 1927, and alleged that a quorum was not present.

They denied that they had been legally suspended from membership in plaintiff organization at said meeting.

They alleged that Emma Clark was still plaintiff's treasurer, and that the pretended election of O. D. Allen as such was illegal.

They alleged that at a meeting of plaintiff on March 29th, 1927, the said C. N. Allen was impeached and removed from the office of supreme grand shepherd, and Joshua Scott, defendant, elected in his place. That plaintiff was without right or cause of action, without right or authority to institute or prosecue this suit or to stand in judgment herein. That this suit was not authorized by a quorum of plaintiff organization, nor by a majority of its membership.

The constitution and by-laws and three resolutions alleged in the petition to have been adopted were produced and filed in evidence, together with plaintiff's charter and a certificate of the secretary of state showing that it had been duly filed in his office.

The charter shows plaintiff to be a non-trading and fraternal association incorporated under Act 254 of 1914, with twelve incorporators. It is provided in the charter that a constitution and by-laws are to be adopted for its government and that others may become members, upon complying with the constitution and by-laws on the subject.

Plaintiff's membership is in dispute and, in addition to that, C. N. Allen and Joshua Scott both claim to be its supreme grand shepherd, and Emma Clark and O. D. Allen both claim to be its supreme grand treasurer.

C. N. Allen and Isaac Jefferson, charter members, contend that plaintiff has no members except its twelve incorporators. That C. N. Allen is plaintiff's supreme grand shepherd; that defendants and their associates had no power nor authority to remove him, but they claim that Emma Clark was removed from her office of supreme grand treasurer and that O. D. Allen was elected in her place.

Joshua Scott, James Bickham, Priscilla Givens, Joe Fair, Emma Clark, Robert Griffin and Carey Morris, charter members, contend that it was the intention, agreement and understanding of the members of the club, under the auspices of which plaintiff was incorporated, that the members of same were to be, and in fact are, members of plaintiff, as well as those who signed the charter. That at a meeting of plaintiff on March 23rd, 1927, C. N. Allen was impeached as supreme grand shepherd and removed from office, and Joshua Scott elected in his place.

That Emma Clark is the supreme grand treasurer of plaintiff, the removal alleged against her in the petition being illegal.

We find that it would be improper and out of place for us to consider or act on any of the questions raised in the pleadings, except that which involves the right of the plaintiff to institute and prosecute this suit.

Defendant's contention that no constitution or by-laws have been adopted by plaintiff is substantiated by the evidence on that subject.

It is alleged in the petition that a resolution adopted by plaintiff on March 18th, 1927, authorized this suit.

Defendants deny this and allege that a quorum was not present at the so-called meeting of March 18th, 1927, and that this suit was not authorized and is being conducted in plantiff's name without authority.

On the subject of what number must be present in order to constitute a quorum, no constitution or by-laws having been adopted, we hold that at least seven of plaintiff's twelve incorporators was necessary in order to form a quorum. See R. C. L., Vol. 19, Subject, Municipal Corporations, Sec. 187. Dillon on Municipal Corporations, Vol. 1, Secs. 277 to 288, pp. 356 to 362.

Marshall on Private Corporations, Section 355, p. 950.

Morawetz on Private Corporations, Vol. 2, Secs. 641 to 647, pp. 606 to 615.

Bacon on Benefit Societies and Life Insurance, Vol. 1, Secs. 64 and 65, pp. 126 and 127.

Jeanerette Rice Milling Co. vs. Durocher, 123 La. 160, 48 So. 780.

North La. Baptist Assn. vs. Milliken, 110 La. 1002, 35 So. 264, and Act 254 of 1914, Sec. 5.

The proof is that the alleged meeting of March 18th, 1927, was attended by only five of plaintiff's members. It results that no meeting was held.

The plaintiff is, in fact, in court against the wishes and without the authority of seven of its incorporators.

The will of the majority of plaintiff's membership is the will of the plaintiff.

The injunction prayed for in plaintiff's name herein cannot be granted, because the plaintiff does not want it done.

C. N. Allen contends that his position is like that of a minority stockholder in a corporation whose property rights are infringed upon by the act of the majority, and that, under the law, any member of the plaintiff can institute a suit to prevent an infringement of charter rights.

Any member can sue to protect certain personal or property rights under a charter, but a minority member or stockholder when doing so, must sue in his own name and behalf and not in the name of the corporation, because he does not speak for the corporation.

It is also urged that C. N. Allen as plaintiff's supreme grand shepherd had the right to institute and prosecute this suit for the purposes alleged.

The majority of plaintiff's charter members are against him on that subject and are opposed to these proceedings, but suppose, for the sake of argument, that he be taken for plaintiff's supreme grand shepherd for the purposes of this suit. The argument assumes that the supreme grand shepherd is practically the plaintiff.

That is not the case. The plaintiff is distinct from its membership.

The judgment refusing the injunction herein prayed for is correct.

Judgment affirmed, plaintiff and appellant to pay the costs in both courts.