INTERSTATE TRUST & BANKING CO. v. LICHTENTEG

(October 15, 1928. Opinion and Decree.)

Paul A. Sompayrac of New Orleans, attorney for plaintiff, appellant.

J. H. Weiner and S. G. Roos, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

The petition recites that plaintiff, "a Louisiana corporation domiciled and doing business at New Orleans, La., represented herein by P. H. Sitges, duly authorized Trust Officer, with respect represents;" "That as agent for the owner and holder of a certain promissory note and for account of said owner, the said banking corporation sues and declares, That defendant is indebted to the owner of the note for the principal and interest and the note is attached to the petition."

The exception of no cause of action is based upon the alleged incapacity of plaintiff's Trust Officer to bring suit and upon the failure of plaintiff to set forth in its petition the name of the holder and owner of the note in whose behalf it sues.

As to the first objection, it will be observed that the suit is brought in the name of the Interstate Trust & Banking Company, represented by P. H. Sitges, alleged to be the duly authorized Trust Officer. Perhaps the words "duly authorized" which follow the name P. H. Sitges, might be held to refer to Sitges' authorization to bring the suit, but we are inclined to the view that this would be a strained construction and we consider the words "duly authorized" as referring to the official position of Sitges with the bank and as amounting to the allegation that he is the duly qualified Trust Officer.

It must be conceded that officers of a corporation as such, have no power to bring, conduct or defend a suit on behalf of a corporation. Corpus Juris Verbo Corporations, Vol. 14-A, page 470. In this case, the suit is filed in the name of the corporation and if we disregard all reference to Mr. Sitges and consider the suit as one brought in the name of the Interstate Trust & Banking Company alone, having regard only to the fact that P. H. Sitges signs the affidavit accompanying the petition, the case would then be controlled by the principle announced in Lacaze & Reine vs. Their Creditors, 46 La. Ann. 237, 14 So. 601, where it was held that, "an exception that the petition of a corporation does not show that suit was authorized will be overruled if the affidavit accompanying the petition discloses the name of the Vice-President of the Company and affirms the truth of its allegations, the necessary inference therefrom being that the suit was apparently authorized." (Syllabus.)

In New Orleans Terminal Company vs. Teller, 113 La. 736, 37 So. 624, the Court refers with approval to the case of Lacaze & Reine vs. Their Creditors, and holds:

"The second exception was founded on the fact that neither the name of the president nor of any other officer of plaintiff corporation was stated in the petition, but only that of the corporation was stated.

"The Court sees no reason why such an appearance by a corporation should not be entirely sufficient. A corporation is a person, and does not labor under any incapacity, like a minor or an interdict. What good reason could there be, then, why it should not sue in its own name alone? True, it can act only through agents, it being a mere juridical person; but, inasmuch as it has the capacity to stand in judgment for itself, what necessity is there for naming these agents in the petition?"

In Jeanerette Rice & Milling Co. vs. Durocher, 123 La. 160, 48 So. 780, it was held that where a corporation brought a suit through its president claimed to be duly authorized to bring the suit, and it was shown that he had no authority beyond the verbal assent of the majority of the individual directors given seperately, that such assent could not have the force of a resolution adopted by the Board of Directors and, consequently, the suit was not properly brought. But the facts in that case are quite different from the case at bar.

Concerning the second point relied upon to sustain the exception of no cause of action, namely that plaintiff had failed to reveal the name of the holder and owner of the note, we find that the note was attached to the petition and is made payable to the order of Piggly-Wiggly Investment Company at the office of the Interstate Trust & Banking Company, New Orleans, La., and that it bears no endorsement indicating that it had been transferred by the original payee. We think this sufficient disclosure of ownership of the note.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded for further proceedings according to law and consistent with the views herein expressed.