Plaintiff, the Community Chest of Caddo and Bossier Parishes, a corporation, and Hephzibah Rescue Home, a voluntary association, brought suit seeking the issuance of an injunction for the purpose of restraining the defendants, Union Mission Association, a foreign corporation, not authorized to do business within the State of Louisiana, and E.M. Gurtz, the President of said association, their officers, agents, servants and employees, from interfering with petitioners in the possession, control and administration of certain premises designated as 1530 Arlington Street in the City of Shreveport, Caddo Parish, Louisiana, the furniture and equipment therein and appurtenances thereto.
Appearing in answer to a rule to show cause, defendants filed exceptions to the procedural capacity of plaintiff, no cause or right of action, and an answer denying the allegations of the petition.
The exceptions were overruled and, after hearing on the merits, plaintiff was granted a permanent injunction as prayed for.
Defendants appealed, but in this Court motion to dismiss has been filed on behalf of the individual defendant, E.M. Gurtz, on the ground that he has resigned as President of the Union Mission Association.
[1] The motion to dismiss the appeal as to the defendant Gurtz is allowed.
The exception to the procedural capacity of the plaintiffs contains the following allegation:
"That the plaintiff is without the necessary representative capacity to institute and prosecute this action; that mover denies that the Hephzibah Rescue Home is a voluntary association, and that Mrs. L.T. Lancaster is authorized to bring suit on behalf of the Hephzibah Rescue Home, and further denies the authority of J.C. Hamilton to bring suit on behalf of the Community Chest of Caddo and Bossier Parishes."
Reference to Article 1 of plaintiff's petition shows that plaintiff, the Hephzibah Rescue Home, is alleged to be
"a voluntary association domiciled in Caddo Parish, Louisiana, and represented therein by its duly authorized President, Mrs. L.T. Lancaster, Community Chest of Caddo and Bossier Parishes is a non-trading corporation organized under the laws of the State of Louisiana and domiciled in Caddo Parish; * * *."
[2, 3] We think the exception to the status of the Hephzibah Rescue Home and the authority of the President to bring suit unquestionably put this matter at issue and necessitated evidence by said plaintiff on the point raised. However, no attempt was made to meet this issue and the record is devoid of any showing as to the legal status of the association or the authority of its named president to institute this suit. This question has been definitely settled by the jurisprudence of our State, and we find that the principle applicable is clearly set forth in the opinion of the Supreme Court in the case of Layne Bowler Co. v. Town of Winnfield, et al., 134 La. 323, 64 So. 127, and authorities cited therein to the effect that the President of a corporation, as such, has no capacity to represent it in a law suit, and a corporation suing through such an officer must allege and prove his authorization if the same is challenged. To the same effect is the holding in Guaranty Discount Collection Co., Inc. v. McClure, by the Orleans Court of Appeal, 172 So. 564.
[4] This being the rule it is evident that the exception as to the Hephzibah Rescue Home should have been sustained and the petition of such plaintiff dismissed as of nonsuit.
[5, 6] However, the same line of reasoning and the conclusion induced thereby is not applicable with respect to plaintiff, Community Chest of Caddo and Bossier Parishes. It is to be observed that the suit of this plaintiff is not brought through or by its president, vice-president or any other officer, and the allegation of the petition, to which reference has been made above, clearly dominates the plaintiff as being the *Page 133 
named corporation. The petition is signed by petitioner's attorneys. It is well established that a corporation may sue in its own name without the designation of any officer thereof, and in such case it appears through its attorneys, whose authority is presumed. Southern Sawmill Co., Ltd. v. Ducote,120 La. 1052, 46 So. 20; New Orleans Terminal Co. v. Teller,113 La. 733, 37 So. 624, 2 Ann.Cas. 127; and New Prytania Market Ass'n v. Beoubay, La. App., 185 So. 531.
[7] There is no showing whatever that the instant suit was instituted by J.C. Hamilton as vice-president, or through the agency of any other officer of the plaintiff, Community Chest. On the contrary, the petition shows on its face that it is the suit of the corporation, and, accordingly, the authority of its attorneys must be presumed. The fact that J.C. Hamilton, as vice-president of the plaintiff corporation, verified the petition by affidavit has no bearing upon the question at hand. Accordingly, we are of the opinion that the exception of procedural capacity to the extent that it was directed against the plaintiff, Community Chest of Caddo and Bossier Parishes, was properly overruled.
[8] Our action in maintaining the exception as to plaintiff, Hephzibah Rescue Home, has no practical effect upon the determination of this suit, inasmuch as the remaining plaintiff, Community Chest of Caddo and Bossier Parishes, and the defendant, Union Mission Association, are the only real parties at interest, as will be disclosed by the facts subsequently set forth in this opinion. For this reason, there is no necessity for dismissing the appeal or remanding the case.
[9] The exception of no cause or right of action has not been urged in this Court, and, therefore, must be considered as having been abandoned. Nor is there any issue raised on behalf of defendant as to the right of plaintiff to injunctive relief. The sole question remaining for our consideration is one of fact.
Over a long period of time the work of the Hephzibah Rescue Home, a social agency operated in the interest of the relief of unmarried mothers and foundling infants, has been financially supported almost entirely by plaintiff, Community Chest, and its predecessors, substantial sums of money being expended annually in the support of this project.
In or about the early part of the year 1946 it appears that a serious dispute arose between the officials of the Community Chest and of the Mission Association as to the operation of the agency. In an attempt to resolve the existing difficulties a contract was entered into between these parties on the 2nd day of April, 1946, under the provisions of which it was agreed that the Community Chest should operate the project through the agency of the Hephzibah Rescue Home, which agency, according to the words of the contract was obligated to "in good faith recognize and carry out this primary purpose of the institution, but otherwise shall have full government and control of the policies and administration of the home".
Unfortunately, the agreement referred to did not serve to set at rest the distressing conflict between the parties, and after some period of dissension and difficulty it was found necessary to terminate the operation of the institution in the latter part of the month of June, 1946. Since this time the community has been deprived of the valuable services heretofore rendered by the institution in question.
As the basis for its action plaintiff, Community Chest, charges that the agents, officials and employees of the defendant association refused to permit petitioners to operate, control and administer the institution and its services, and that unless enjoined from their continuing interference with plaintiff in the possession, control and administration of the premises, the property therein and the appurtenances thereto, plaintiff, Community Chest, will be deprived of its possession and operation thereof.
Accordingly, plaintiff prayed for judgment granting a permanent injunction restraining and enjoining the defendants, "their officers, agents, servants and employees, from in any manner interfering with petitioners in their possession, administration and control of the said premises, with their furniture, equipment and appurtenances". *Page 134 
Judgment was rendered in accordance with prayer of plaintiff's petition.
[10] The record amply sustains the contentions made by plaintiff and establishes beyond any doubt the fact that defendant association, through its officers, agents and employees, has on numerous occasions interfered with the control, operation and administration of the agency in question by plaintiff, Community Chest, in obvious violation of the contractual agreement between the parties.
The principal point upon which defendant relies in its opposition to plaintiff's demands appears to be based upon that portion of the contract relating to the appointment of a superintendent of the institution. The contract provides in paragraph 2 thereof:
"The Association shall have the right to choose a Superintendent of the rescue home, provided, however, that the Superintendent chosen by the Association shall be and continue to remain satisfactory to the Community Fund or to the Board of Directors of the agency through which the Community Fund shall operate and administer the Hephzibah Rescue Home. The salary of such Superintendent shall be fixed and paid by the Community Fund, through its said agency."
The great preponderance of the testimony in the record bearing upon this point evidences the fact that defendant association, relying upon a strict, narrow and technical construction of this provision, refused to properly cooperate with plaintiff in the employment of a superintendent. While it is true that the right to choose such an officer was delegated to the defendant association by the provisions of the contract, it is also true that such a provision is not the paramount intent and purpose of the instrument in question, which was in so many words set forth as being a mutual desire of the parties to provide for the continuance of the operation of the agency under the control, supervision and subject to the rules and regulations of the plaintiff, Community Chest.
It is obvious that the primary purpose of the parties cannot ever be fulfilled if the operation and control of the home, by the one to which such administration was accorded, is to be blocked, hampered and interfered with to such extent as to be made impossible of accomplishment by means of the uncooperative attitude of the other party.
The situation presented in this matter vitally concerns the public welfare and interest of the community and mere technical quibbling over unimportant details should not be permitted to militate against such interest.
To conclude on the one hand that plaintiff by the plain terms, as well as by the announced purpose and intent of a specific agreement, has been granted the supervision, administration and control of a particular institution, and, on the other hand, to contend that it is without right to properly staff such an institution with qualified personnel, because of the failure, neglect or unwillingness of the other party to conform to the spirit of the agreement, would represent the utmost in futility.
In our opinion plaintiffs have conclusively established the unwarranted and unjustified interference of defendant association in the conduct of the operation of the institution involved and are entitled to the relief sought.
For the reasons assigned, there is judgment dismissing the appeal as to the defendant, E.M. Gurtz. There is further judgment sustaining the exception to the procedural capacity of the plaintiff, Hephzibah Rescue Home, and dismissing this suit as to said party as of nonsuit. Otherwise, the judgment appealed from is affirmed at cost of defendant, Union Mission Association. *Page 135