## No. 3467.

### A. MARCHAND *v.* THE LOAN AND PLEDGE ASSOCIATION.

A claim for money expended and time employed for the organization and benefit of the Loan and Pledge Association, before its incorporation, can not be regarded and enforced as a debt of that institution.

It is impossible to imagine how the defendant, a juridical person, incurred a debt before its existence.

Besides, it is shown that $1000 of plaintiff's claim was for cash advanced for the purpose of influencing legislation; that is, bribing the Legislature to pass the act incorporating the Loan and Pledge Association.

For the recovery of money thus expended, this court can give no relief. The guilty suitor must be left where his immorality has placed him.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *W. H. Hunt* and *Hornor & Benedict*, for plaintiff and appellant. *J. Hawkins* and *Hays & New*, for defendant and appellee.

WYLY, J. Plaintiff sued defendant for the sum of $4000 for services, etc., as alleged, viz:

"That, as a preliminary to the formation of said corporation, your petitioner, at the instance of the stockholders and members thereof, visited the cities of New York, Philadelphia and Boston for the purpose of acquainting himself with the proper formation and efficient management and practical operation of similar institutions in said cities, and that in order to do so he was compelled to expend for his traveling expenses, for consultation with counsel, and for obtaining information, considerable sums of money, and that he is entitled to be paid for the value of his time and services expended during said visit, which consumed some eight weeks, and that said expenses and said loss of time and services amount to the sum of $1000.

"That petitioner furnished the charter for said corporation and gave zealous and efficient aid in presenting the same to the Legislature, in obtaining subscribers to the capital stock thereof, in organizing said corporation, in putting it in successful operation, in fitting up its place of business, in the purchase and erection of fixtures therefor, and in the performance of its business and management of its affairs for one month after it commenced operations, and that his services in that behalf are well worth the further sum of $3000."

The answer is a general denial, and the averment that the association is not liable for services rendered before it went into operation as a corporation.

The court gave judgment for the plaintiff for $208 33, the value of one month's service as president in organizing the company. From this judgment plaintiff appeals.

We see no error in the judgment. A claim for money expended and time employed, before the incorporation of the Loan and Pledge Association, can not be regarded as a debt of the institution.

How the defendant, a juridical person, incurred a debt before its existence we can not imagine.

Besides, it is shown that $1000 of the plaintiff's claim was for cash advanced to S. F. Casanave for the purpose of influencing legislation; that is, bribing the Legislature to pass the act incorporating the Loan and Pledge Association.

For the recovery of money thus expended, this court can give no relief. The guilty suitor must be left where his immorality has placed him.

Judgment affirmed.