## LEES v. MURPHY

(Nov. 29, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana     Digest—Corporations — Par. 40.

Persons who hold themselves out as officers of an organized corporation are not liable to a third person who, on the faith of that conduct, subscribes to stock of the corporation and pays for the same to the vice-president, and who makes a contract of employment with the same vice-president although no corporation was ever organized, when it is not claimed that plaintiff subscribed to the stock and paid for it and made the contract all at the solicitation or with the knowledge of the defendant or that they profited by it.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by William S. Lees against John H. Murphy.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. A. Casey, of New Orleans, attorney for plaintiff, appellant.

Monroe and Lemann, Nicholas Callan, of New Orleans, attorneys for defendant, appellee.

## OPINION.

CLAIBORNE, J.  This is a suit against three defendants for the reimbursement of subscription money and for the value of services rendered, to a corporation which defendants lead plaintiff to believe existed, while in reality there was no corporation.

The plaintiff alleged that the three defendants John H. Murphy, Gustave B. Genin, and John A. Taft on April 16, 1923, agreed to form a stock company under the name of the "Ginner's Compress Company"; that Murphy was elected president, Taft, vice-president, and Genin, secretary-treasurer, and that they held themselves out to the public, and particularly plaintiff, as such officers; that believing that the defendants were the officers of an incorporated company he made a contract with the Ginner's Compress Company, through Taft, its vice-president, for a double purpose; one by which he subscribed to 2000 shares of said company on account of which he paid to Taft $500; and the other by which he was employed by Taft as vice-president at a monthly salary of $250, and under which he was actually engaged in preparing drawings of certain machinery to be erected by said company; that before entering in said contract plaintiff made inquiries concerning the persons composing said corporation and was reliably informed that the three defendants were officers of said company, and that upon the faith of said information that said company was legally organized, plaintiff entered into said contract; that plaintiff is now informed that said defendants have failed in their purpose and that said company was never organized and never will be; that therefore said three defendants are indebted in solido to plaintiff in the sum of $500 paid to Taft as a subscription to the stock, and in the further sum of $500 for services rendered to the company, making a total of $1000.

Taft was not cited. Murphy and Genin alone were cited. They excepted to the

petition on the grounds that said petition does not state any right or cause of action. Their exception was maintained, and the suit as to them was dismissed.

The plaintiff has appealed.

We are of opinion that the exception was properly maintained. As to the $500 stock subscription, if the company was not organized, there is no allegation that Taft was authorized by appellees to solicit subscriptions, nor to receive the price of the same, or that the plaintiff was induced by any act of appellees to subscribe or to make payments to Taft or that they know that Taft was soliciting subscriptions or collecting the price, or that they knew that plaintiff intended to subscribe or had subscribed, or that he would make or had made a contract of employment, or that the appellees had any connection whatever with the plaintiff in the matter of the subscription or of the employment.

If the company had been organized, the treasurer, and not the vice-president, would have been the proper officer to whom payment could have been made. The plaintiff, under either hypothesis, paid the $500 to a person not authorized to receive it.

As to the contract of employment, Taft was likewise without authority to make it so as to bind the proposed company or the defendants. If the company was organized, there is no allegation that by resolution it authorized Taft to make it. In Bradshaw vs. Knoll, 132 La. 830, 61 South. 839, the court said:

"A corporation is not bound in law by the contracts of its promoters or by the unauthorized acts of its president not adopted or ratified by resolution of its board of directors, and is not bound in equity when the corporation has received no pecuniary profits from the execution of the contract or the unauthorized acts of its president." George L. Bright vs. The Metairie Cemetery Association, 33 La. Ann. 58.

If the company was not organized then it could not be made liable, for no one had authority to contract in its name. Marchand vs. Loan Assn., 26 La. Ann. 389.

As the contract alleged by the plaintiff was binding on neither the company nor the appellees, the plaintiff shows no cause of action against the appellees for its inexecution.

The case of Reardon vs. Dickinson, 156 La. 556, 100 South. 715, relied on by the plaintiff is not in point. There the agent of the defendants by a series of misrepresentations induced the plaintiff to subscribe to stock and pay for their subscription to the corporation of which the defendants were stockholders and of which they profited. In this case there is no misrepresentation as to the affairs of the company charged to appellees nor that they received the money and profited by it. Holding themselves out as promoters of a company to be formed or as stockholders and officers of a company already organized, was no fraud upon the plaintiff unless appellees had solicited subscriptions from appellee or had collected the price, or had benefited by it.

The judgment is therefore affirmed.